## WOODWARD *et al. v.* WESTMORELAND *et al.*

The act of 1903 (Acts 1903, p. 72) creating the State board of health, not
declaring that board to be a corporation, and not conferring upon the
board as such, nor its members, the right to sue, no suit can be brought
in the names of the members of the board in an alleged representative
capacity, relating to matters within the jurisdiction of the board.

Argued November 16,—Decided December 21, 1905.

Injunction. Before Judge Pendleton. Fulton superior court.
September 21, 1905.

W. F. Westmoreland and others, ·suing in their representative
capacity as the State board of health for the State of Georgia,
brought a petition for injunction against J. G. Woodward and
others composing the local board of health of the City of Atlanta,
and alleged, that on September 2, 1905, the petitioners were in-
formed that yellow fever was prevalent in the State of Louisiana
and other States of the United States, and it became the .duty of
the petitioners, under the act creating the State board of health,
to adopt such rules and regulations quarantining the State of
Georgia against infected districts as would effectually prevent the
spread of yellow fever into this State. The rules and regulations so
adopted are set out as an exhibit. It was further alleged that the
local board of health of Atlanta "sought to impede, prevent, and
destroy" the efficiency of the quarantine declared by the petitioners,
and did various acts in defiance of the rules and regulations
adopted by them. They prayed that the defendants, individually
and in their representative capacity as the local board of health of
Atlanta, be enjoined from interfering with the enforcement of the
rules and regulations of the State board of health. A demurrer was
interposed by the defendants, upon the grounds, that no reasons
were shown for granting the relief prayed; that the State board of
health is not a corporation, but only an agency of the State, and
if any right to maintain this petition exists, it must be brought in
the name of the State and by authority of the State; and that the
defendants can not be sued in their representative capacity, but if
any action lies by reason of any acts done by them, it should be
brought against the City of Atlanta. An answer was also filed,
and upon a hearing the injunction was granted as prayed. To
this judgment the defendants excepted.

34

*J. L. Mayson* and *W. P. Hill*, for plaintiffs in error.

*John C. Hart, attorney-general,* and *J. D. Kilpalrick,* contra.

COBB, P. J.   The State board of health was created by an act approved August 17, 1903.   (See Acts 1903, p. 72.)   The act declares that a board to be known as the State board of health is established "and made ·one of the public institutions of the State." The number of members constituting this board, the manner of appointment, and their powers and duties are set forth in the act. The board is given supervision of all matters relating to the preservation of the life and health of the people of the State.   The act does not in terms declare the State board of health to be a corporation, nor does it provide that the board as such, or its members, may bring suit.   The board is created simply as an agency of the State government, to have supervision and control over all matters relating to the public health.   There are always a number of these agencies for the control of certain matters relating to public affairs, and the authority of such agencies, or of the individuals composing the same, to bring suit in behalf of the public depends upon the terms of the act creating the agencies and defining their limits and powers.   If the act creating the board in express terms authorized suits to be brought by it for the purpose of enforcing the rights of the public which will be subserved by the action of the board, then of course the board would have authority to bring suit in its own name if a name were given to it in the act creating it, or in the name of its members if no name were provided in the act in the nature of a corporate name.   If the board were declared by the act to be a corporation, and the act were silent as to its right to sue and be sued, the right to sue in behalf of the public in reference to matters within the jurisdiction of the board would seem to be implied.   But if the act creating the board does not declare it to be a corporation, and does not in terms authorize a suit to be brought by it or its members, then suits can not be brought by the members in their individual capacity.   Gardner *v.* Board of Health, 6 Selden (N. Y.), 409; People *v.* Supervisors, 18 Barbour (N. Y.), 567; Buckstaff *v.* Oshkosh (Wis.), 66 S. W. 707.   As individuals they have no more interest in the matter than other citizens of the State, and their right to sue as individuals would be dependent upon the rules governing the right of other individuals

to file suits in behalf of the public. It follows that the members of the State board of health had no right to bring the suit in their individual names; and under the act there was nothing authorizing them to bring the suit in a representative capacity. The demurrer which was filed, raising the objection that the suit was not brought in the names of parties authorized to bring the same, was sufficient cause for a refusal to grant the injunction; and the judgment must therefore be reversed, without reference to the merits of the case, upon the ground that the petition was defective for want of proper parties plaintiff.

The demurrer, so far as it raises the question of parties, as to the defendants was not well taken. The theory of the plaintiffs' case was that the defendants, although members of the local board of health, were doing things in excess of their jurisdiction, and it was not an attempt to enjoin a local board of health, but an attempt to enjoin individuals claiming to act in a public capacity, but not authorized to do the acts complained of; and who were therefore ordinary wrong-doers and trespassers. This was the theory of the plaintiffs' case, and on the demurrer this must be taken as the truth of the case, the demurrer having been the cause shown against the grant of the injunction.

We do not mean to hold that the public would be without a remedy if either individuals or local boards of health should fail to obey the lawful regulations of the State board of health, or interfere with the State board in the lawful exercise of its powers. Our holding goes simply to the extent that the State board can not as such, nor can its individual members, bring suit for the purpose of enforcing its rules and regulations, or preventing persons from interfering with them in the discharge of their duties. The constitution declares that the Governor shall take care that the laws be faithfully executed; and although there is no express statutory provision which in terms authorizes the Governor to cause suits to be instituted in the name of the State in matters relating to the public health, under the general powers conferred by the constitution upon the Governor, and on account of his peculiar relation to the affairs of the State, he has the power to authorize the attorney-general to bring a suit in behalf of the State, either at law or in equity, whenever the interests of the public or of the State would be subserved by an appeal to the courts. It may be that the attor-

ney-general himself, without express authority from the Governor, could bring a suit of this character in the name of the State. In *Trust Co.* v. *Georgia,* 109 *Ga.* 746, Mr. Justice Lewis said: "We are inclined to the opinion that the attorney-general has the power to institute suits necessary to the protection of the interests of the State, in case, for instance, where the State's property is involved; or where public rights are jeopardized, without direction from the Governor." If the attorney-general has this power in reference to mere property rights of the public, how much more should he have it where the public health and safety are involved.

There are numerous boards with varied interests, which are creatures of the General Assembly, each of which deals with matters relating to the public interests. Some of them have been declared to be corporations, some have been given the express power to sue, and others, like the State board of health, have not had the power to sue conferred upon them. This silence of the legislature in reference to the State board of health, as well as a similar silence in reference to other boards that have been created, indicates that there was a legislative intention that, so far as these boards were concerned, the question whether the time had arrived that the public required that an appeal should be made to the courts was to be determined by the Governor or the attorney-general, and not by the members of the board itself, and, as there was nothing in the act with reference to the name in which the suit should be brought, that it should be brought by the attorney-general in the name of the State, or possibly by the attorney-general in his representative capacity, as is the practice in some jurisdictions.

*Judgment reversed. All the Justices concur.*