CITY OF BLAKELY *et al. v.* SINGLETARY *et al.*

FISH, C. J. 1. Where the City of Blakely had issued and sold bonds to a given amount for the purpose of erecting a new school building, the board of education of that city had authority to select the site for, and to construct the building. *Chipstead* v. *Oliver*, 137 *Ga.* 483 (73 S. E. 576). This authority, in the absence of anything to the contrary in the charter of the city, carried with it, by necessary implication, power in such board to possess, control, and expend the fund so raised, in the performance of their public duty in erecting the building.

2. The charter of the City of Blakely (Acts 1900, p. 219), creating the board of education of that city, required the city council of Blakely to convey by deed to the board of education "the property on which the Blakely Institute is located;" and the act further provided that "Any other persons or trustees may deed or sell said city board of education property for school purposes." The members of such board are there-

fore in the nature of statutory trustees. They are public officers. *Coleman* v. *Glenn*, 103 *Ga.* 458 (30 S. E. 297, 68 Am. St. R. 108). And as "A joint authority given to any number of persons, or officers, may be executed by a majority of them, unless it is otherwise declared" (Civil Code, § 4, par. 5), a majority of the members of the board of education of the City of Blakely had authority to institute mandamus proceedings against the mayor and council of that city to compel them to pass a resolution, directing a named bank to pay to the board the fund raised by the sale of the bonds referred to in the preceding note, and which had been deposited in the bank by the mayor and council.

(a) The act creating such board of education did not make it a corporate body, and no formal action on the, part of the board as such was necessary for the institution of such mandamus proceedings by a majority of the board.

(b) The ruling here made is not in conflict with the decision in *Woodward* v. *Westmoreland*, 124 *Ga.* 529 (52 S. E. 810, 4 Ann. Cas. 472). There the State board of health sought an injunction to restrain the local board of health of the City of Atlanta from interfering with the enforcement of the rules and regulations of the State board. It was held, that the act creating the State board made it simply an agency of the State government to have supervision and control over matters relating to the public health; that it neither incorporated the board nor authorized its members to bring suit to enforce its rules and regulations. The act creating the board of education of the City of Blakely did not make that board a mere agency of the city, but, as we have stated above, conferred upon it, among other important rights and duties, the right to hold property for school purposes, to select a site for the school building, to erect such building, and to control and expend the fund raised by the city from the sale of bonds to erect the school building.

3. As the city board of education was entitled to the fund raised. by the sale of the city's bonds issued for the erection of a school building, the judge of the superior court did not err in granting, upon the application of the majority of the members of such board, a mandamus absolute during vacation (there being no material issues of fact involved), requiring the mayor and council of the city to pass a resolution directing the bank in which the fund had been deposited by the mayor and city council to pay the fund over to the board of education.

(a) This is true although the mayor and city council had, prior to the institution of proceedings for mandamus and at a special meeting of the council, passed a resolution directing the bank to pay such fund to the board of education; and in pursuance of this resolution the clerk of council drew a check in favor of the city school commissioner, the executive head of the board of education, for the amount of the bond fund in the bank, which check was paid by the bank, and the fund upon which it was drawn was placed by the bank to the credit of the city school commissioner; and subsequently, at a regular meeting of the council, a resolution was adopted rescinding such former resolution upon the ground that it was void because the special meeting of council at which it was passed was not called in accordance with

certain provisions of the charter of the city, and the bank was therefore directed not to pay the bond fund to the city school commissioner; and still later, at a regular meeting of the council, another resolution was adopted rescinding the second resolution referred to above;—the contention of the petitioners being that the adoption of these various resolutions tended to deter the bank from paying the fund to the board of education or the city school commissioner.

4. The assignments of error not dealt with in the rulings above announced are without merit.        *Judgment affirmed.   All the Justices concur.*

        AUGUST 13, 1912.   REHEARING DENIED SEPTEMBER 23, 1912.

Mandamus.    Before Judge Worrill.    Early superior court. March 23, 1912.

*Smith, Hammond & Smith* and *Glessner & Park,* for plaintiffs in error.   *Pope & Bennet,* contra.