## LEWIS *v.* CHAPMAN, mayor, *et al.*

1. The amendment to the charter of the Town of McCaysville (Acts 1914, p. 1048) 'is not repugnant to the due-process clauses of the State and Federal constitutions. But the charter provision that when improvements are contemplated by the mayor and general council, on sidewalks bounding property of landowners who are non-residents, service of notice, hearing, etc., shall be deemed sufficient when it is made to appear that the notice or writ has been deposited in .the post-office of another named town, properly stamped and addressed to the owner of the land at his most notorious place of abode, or his place of business, is not complied with by serving the husband of the non-resident owner personally with a copy of the writ or notice; and the landowner is not bound by such service, in the absence of evidence of authority on the part of the husband to accept such service for the wife, or of a ratification of such service by her.

2. Provisions of a municipal charter relating to taxation by assessment must be strictly pursued. Where a charter provided for service on a non-resident landowner, preliminary to a hearing before the mayor and council, of notice that such landowner should pave sidewalks abutting on her property, and, failing to do so, that the municipality might tax the cost of the improvements against her, absence of proof of service upon her as provided by the charter would render void the action by the mayor and council in assessing the cost of such improvements against the owner; and in such case a court of equity should enjoin the sale of the owner's property for the purpose of paying for such improvements.

No. 383. NOVEMBER 17, 1917.

Petition for injunction. Before Judge Morris. Fannin superior court. May 17, 1917.

.*Thomas A. Brown,* for plaintiff. *William Butt,* for defendants.

HILL, J. Mrs. A. W. Lewis brought her petition against E. W. Chapman, mayor of the Town of McCaysville, and others, seeking to enjoin the sale of a house and lot in the Town of McCaysville, which was advertised for sale by the marshal of the town under an execution issued for certain improvements made by the town on the sidewalk in front of the plaintiff's property, and to have the execution declared void, etc. The judge on the hearing revoked the temporary restraining order, and denied the prayers of the petition, "provided the defendants advertise and sell the property in question in the manner provided by law; the complaint of petitioner as to the manner in which the same was being advertised, as set forth in par. 13, is well founded, and the prayers of petitioner concerning the manner of advertisement is sustained." To this judgment the plaintiff excepted.

1.   The amendment to the charter of the Town of McCaysville (Acts 1914, p. 1048), by authority of which the paving of the sidewalk in front of the property of the plaintiff was done, is attacked by her as being obnoxious to the due-process clauses of the State and Federal constitutions.   This contention is without merit.   The charter provides that when, in the discretion of the mayor and council, a sidewalk bounding any real estate in the town should be paved, it shall be the duty of the mayor and council to adopt a resolution providing that the owners of such real estate shall be notified, as provided by the charter, *to pave such sidewalks,* describing the walk to be paved, etc.   The charter also provides that the town shall have authority to require the owners of real property in the town to pave the sidewalks bounding their property, "or pay for said paving by complying with" the provisions of the act.   The charter provides specifically for notice, and even the form of notice, to be served on the owner of the real estate, "why you shall not pave the sidewalk or walks as provided in the attached resolution."   It provides that the notice or writ may be served by the marshal of the town, constable, sheriff, or deputy sheriff, on the tenant in possession, at least twenty days before the date of meeting of the council to which the writ has been made returnable, "provided, that if there is not a tenant in possession, that a service shall be perfected on the owner of the real estate. And in case the owner is not a resident of said State, service shall be deemed sufficient upon its being made to appear that the writ has been deposited in the United States post-office at Copperhill, Tennessee, properly stamped and addressed to said owner at his most notorious place of abode, or his place of business, 25 days before the meeting of the council to which it is made returnable," etc.   Due process of law is abundantly provided for by the amendment to the charter, and it is not unconstitutional on the ground that it fails to provide for notice, hearing, etc.   See McGehee on Due Process, 1; *Frank* v. *State,* 142 *Ga.* 741 (83 S. E. 645, L. R. A. 1915D, 817).   Nor is there merit in the contention that the charter only provides for notice, hearing, etc., on the question as to why the landowner *himself* should not pave the sidewalk.   The charter is not only broad enough to cover a case where the owner on notice fails to pave, but also (sec. 6) where the mayor and coun-

cil in such case causes it to be paved at the expense of the town and charges such expense against the landowner.

2. It appears from the record and evidence that the assessment proceedings were against Dr. A. W. Lewis, the husband of the plaintiff, and that the marshal in advertising was proceeding to sell the property as that of Mrs. Lewis, a non-resident of the State, and that he summarily struck out the abbreviation "Dr." from the advertisement already prepared, and inserted the abbreviation "Mrs." in lieu thereof. The answer of the defendants to paragraph three of the petition admitted that they were proceeding to sell the property under a fi. fa. issued against Mrs. A. W. Lewis. Service was perfected on Dr. A. W. Lewis as the supposed· owner of the property, but no service was made on the plaintiff, the true owner. Such service, under the facts of the case, would not bind the real owner. The charter expressly provides how service must be perfected on non-residents; and there has been no sort of compliance with the charter in this respect. In statutory proceedings whereby a person may be deprived of his property, the statute must be strictly pursued. *D'Antignac* v. *Augusta*, 31 *Ga.* 700. We think the court erred in not granting an injunction without the proviso as to the manner of sale of the property. The whole proceeding of the council in this assessment was nugatory for want of service upon the true owner of the land, as required by the charter. 2 **Page & Jones on Taxation** by Assessment, §§ 748, 749; and see §§ 826, 839, 521.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*