## TURNER *et al. v.* WADE, sheriff.

PER CURIAM. When this case was before the Supreme Court on a former occasion it was held: "The sixth section of the tax-equalization act (Acts 1913, p. 123) requires an examination of the returns of the taxpayers of the county by the board of county tax-assessors, and it is made their duty to assess and fix the just and fair valuation to be placed on the property returned. When any change is made in the valuation of the property of a taxpayer as fixed by him in his return, such taxpayer must be given notice of such change. If the taxpayer is dissatisfied, he may demand an arbitration and have a hearing before arbitrators as provided in the act. These arbitrators are required to render their decision in ten days, or else the valuation as fixed by the county board shall stand affirmed and shall be binding in the premises. In *Vestal* v. *Edwards,* 143 *Ga.* 368 (85 S. E. 187), section six of the act mentioned above was attacked as violative of the due-process clause of the constitution, for the reason, among others, 'that the act requires the arbitration to be made within ten days from the time of the selection of the arbitrator of the tax-assessors, without making any allowance for inability to agree upon a third assessor or arbitrator, or adequate time for the examination of properties and the ascertainment of their value, or for any other cause that might interfere to render such arbitration impossible within the time specified in the act.' It was held that this part of the act was not obnoxious to the due-process clause of the constitution of this State or of the United States. The principle of the decision announced in that case is controlling, and it was erroneous to grant the injunction." *Wade* v. *Turner,* 146 *Ga.* 600 (91 S. E. 690). After the return of the remittitur, an amendment to the petition was allowed, alleging that the failure of the arbitrators to agree upon the value of the property returned for taxation was not due to any fault of the plaintiff, but was due solely to the fact that each of the arbitrators placed a different valuation upon the property, which was more than that which the board of equalizers had assessed, and that as none of the arbitrators would recede from his estimate of value, the time was allowed to expire within which the return of the arbitrators should be made, and the assessment by the board of equalizers became final by operation of law. The petition as amended was dismissed on motion. *Held,* that under the decision heretofore cited, that the sixth section of the tax-equalization act is not repugnant to the due-process clause of the State and Federal constitutions, there was no error in the judgment dismissing the case on motion.           *Judgment affirmed. All the Justices concur.*

No. 439. FEBRUARY 15, 1918.

Equitable petition. Before Judge Thomas. Brooks superior court. May 16, 1917.

*Little, Powell, Smith & Goldstein,* for plaintiffs.

*Bennet & Harrell,* for defendant.