## SUBURBAN INVESTMENT CO. *v.* CITY OF ATLANTA *et al.*

1. Under the act of 1889 (Acts 1889, p. 956, sec. 6), amending the charter of the City of Atlanta, the adoption of a valid ordinance is a prerequisite to the condemnation of private property for ' sewer purposes. · Consequently, where such an ordinance was enacted· subsequently to the beginning of negotiations to purchase the right of way from the owner, such ordinance can not be made to relate back to the beginning of the proceedings, in order to give validity to the ordinance.
2. The act of 1889, supra, not having been complied with by the city before beginning condemnation proceedings, the court erred in not granting the injunction prayed for.

No. 1000.   NOVEMBER 18, 1918.

Petition for injunction. Before Judge Bell. Fulton superior court. May 7, 1918.

*Brewster, Howell & Heyman* and *Mark Bolding,* for plaintiff.

*J. L. Mayson* and *S. D. Hewlett,* for defendants.

HILL, J. The plaintiff brought a petition to enjoin the City of Atlanta, and the other defendants in error as agents and officers of the city, from proceeding to condemn certain land belonging to the plaintiff, for sewer purposes. A temporary restraining order was granted, but upon the hearing the court refused to grant

38

an interlocutory injunction. To this judgment the plaintiff excepted.

The charter of the City of Atlanta, as amended by the act of 1889 (Acts 1889, p. 956, sec. 6), provides, in part, as follows: "That the construction of all sewers under this act shall be provided for by ordinance. After the first reading of an ordinance for the construction of a sewer, a notice of the introduction of the same shall be published in one or more of the daily papers of the city; such notice shall contain a statement of the line along which the proposed sewer is to be laid, and a statement of the general character, material, and size of such sewer. Said notice shall be published at least as many as ten days before the adoption of said ordinance, and said ordinance may be adopted at the next meeting after its introduction; or at any subsequent meeting, after said notice has been published. Substantial compliance with the above requirement as to notice shall be sufficient." The city charter provides for the exercise of the power of eminent domain. Code of Atlanta (1910), §§ 294, 295. But an ordinance must be passed before this right can be exercised. It is insisted by the plaintiff, and the record bears out the contention, that at the time the city began the condemnation proceedings by negotiating for the purchase of the easement over the land of the plaintiff in error, the city had not passed an ordinance authorizing it to condemn the private property sought to be condemned. It appears that an ordinance for that purpose had been introduced in the city council, but had not been acted upon; that subsequently to the institution of condemnation proceedings the ordinance was passed authorizing the construction of the sewer; and that after its passage no further effort was made to negotiate with the owners of the land for the purchase of the right of way. The question presented for decision is whether the City of Atlanta can proceed under its charter to condemn private property for sewer purposes before an ordinance is passed for that purpose. In the instant case the ordinance was passed after the offer to buy the right of way from the owner was made and the notice required was given. This can not be done so as to make such an ordinance effective. The ordinance must be first passed, and it can not be subsequently enacted and made to relate back to the beginning of the proceedings to negotiate for the purchase of the right of way. *Bridwell* v. *Gate City Ter-*

*minal Co., 127 Ga.* 520 (5, 6), 527 (56 S. E. 624, 10 L. R. A. (N. S.) 909). In the *Bridwell* case this court held: "Where a railroad company was incorporated under the general law, with power expressed in the charter to construct a railroad from a point some distance outside of a populous city easterly to a point at or near the center of the city, if the power to locate the terminus and line and exercise the right of eminent domain could be conferred by the directors on the president, yet under a general authority to manage the business of the company subject to the approval and direction of the board of directors, or its chairman or committee, conferred by the by-laws on the president, he could not lawfully fix such route and terminus and proceed with condemnation proceedings, before such approval." Also: "Where a notice, as the commencement of condemnation proceedings, was given by the president's direction, without lawful authority, and the time had expired, under its terms, for the appointment of an assessor by the landowner, the directors could not, by ratifying the act of the president, cause such ratification to relate back and give such notice the same effect which it would have had if it had been legal when given." The principle as there ruled is controlling here. It is true that at the time the agent of the city, Mason, endeavored to negotiate for the purchase of the right of way from the plaintiff in error, a *resolution* had been passed by council, directed to the city attorney, to proceed to condemn the property, and reciting that an agent, Mason, had been appointed to negotiate for the right of way; but no ordinance attempting to comply with the charter of the city heretofore quoted from had been adopted, and none was adopted until after the attempted negotiation was had with the owner of the land. As already pointed out, the act of 1889 amending the charter of the City of Atlanta provides that the construction of sewers shall be preceded by an ordinance passed for that purpose. It also provides that after the first reading of an ordinance providing for a sewer, a notice of the introduction of the same shall be published in one or more of the daily papers of the city, and that such notice shall contain a statement of the line along which the proposed sewer is to be laid, and a statement of the general character, material, and size of the sewer. Such notice must precede, and not follow the adoption of the ordinance. The taking or damaging of private property for public purposes is

a serious thing, and the law which confers that power should be strictly pursued. *Frank* v. *Atlanta,* 72 *Ga.* 428 (2). In delivering the opinion of the court in that case, Mr. Justice Hall said: "Too much caution in this respect can not be observed to prevent abuse and oppression. This court in *D'Antignac* v. *City Council of Augusta,* 31 *Ga.* 700, 710, announced and enforced the principle, upon abundant authority, cited in the luminous opinion of Jenkins, J., who pronounced the judgments, 'that, in proceedings by statute authority, whereby a man may be deprived of his property, the statute must be strictly pursued. Compliance with all its prerequisites must be shown.'" And see *Pruden* v. *Love,* 67 *Ga.* 190, 195. The defendant in error having failed to comply with the act of 1889, conferring on it the right and power to condemn private property for sewer purposes, the court erred in refusing the injunction. *Judgment reversed. All the Justices concur.*