SOUTHEAST GEORGIA LAND CO. *v.* ROGERS, sheriff, *et al.*

Where a board of county tax-equalizers makes changes or corrections in tax returns, under section 1116 (k) of the Civil Code, relating to the duty of such board, and the changes thus made are in the returns of a taxpayer who is a non-resident of the county, the proper notice sent through the United States mail to the address of the taxpayer is sufficient compliance with the requirements of the statute in regard to giving notice.

No. 3948.　MARCH 11, 1924.

Petition for injunction. Before Judge Highsmith. Wayne superior court. August 2, 1923.

*C. J. Haden, Mitchell & Mitchell,* and *Thomas & Walker,* for plaintiff. *W. B. Gibbs,* for defendants.

BECK, P. J. The Southeast Georgia Land Company filed its equitable petition against the tax-collector and the sheriff of Wayne County, Georgia, praying that those officers be enjoined and restrained from enforcing a tax fi. fa. Petitioner alleged that it had made a valid return of the property at a just and fair valuation; that the board of tax-equalizers of the county, being dissatisfied with the return so made, raised the same from $19,792.00, which petitioner alleges was a fair and just valuation of the property, to $29,-688.00; that it tendered the amount of taxes due upon the property at the valuation put upon the same in its return; that the action of the board of tax-equalizers in raising the valuation of the property was unlawful and unauthorized, as they failed to give the taxpayer the notice required under the statute contained in § 1116 (k) of the

Civil Code, relating to notice to be given by the board to taxpayers of changes made in returns of property for taxation; and that in consequence of this failure to give the notice as required by law, the tax execution as issued, based upon the valuation of the property fixed by the board, was illegal, invalid, and unenforceable. The court upon the hearing refused the injunction prayed, and the petitioner excepted.

Under our law relating to the board of tax-assessors and their duties, it is provided that it shall be the duty of the board to see that all property within the county is returned and assessed at its fair and just valuation; and where any owner has returned any of the property at less than its fair valuation, the board shall assess and fix the just and fair valuation to be placed on the property, and shall make a note thereof and attach the same to such returns. And in § 1116(k), which contains provision for notice to the taxpayer of the changes thus made, it is provided that, "When any such corrections, changes, and equalizations shall have been made by said board, it shall be the duty of the board to immediately give notice to any taxpayer of any changes made in his returns, either personally or by leaving same at his residence or place of business, or, in case of non-residents of the county, by sending said notice through the United States mails to his last known place of address." The address of the owner of the property in question here is Atlanta, Fulton County, Georgia. The evidence shows that the notice, in strict pursuance of the requirements of the statute, was sent through the United States mail; that is, that a notice, sufficient in form and contents, was duly prepared, placed in an envelope, addressed to petitioner at Atlanta, Georgia, this being the address that was given in the tax returns made by petitioner; that the envelope was duly stamped and mailed at the Jesup, Georgia, post-office, for the purpose of being sent by due course of mail; that the envelope had a return address thereon, giving the post-office box at Jesup, Georgia, the county seat of Wayne County, of the sender of the notice, the secretary of the board of tax-assessors for said county. Thus we see the notice provided by law was given. The officers and agents of the taxpayer (the petitioner) who received and handled all the mail of the company, testified that they did not receive the notice. The uncontroverted evidence shows that the notice was duly mailed as provided by the statute, and this is all the notice required;

and the judge properly held that the injunction should be refused, and that the tax fi. fa. in question was not illegal and invalid. The Georgia cases cited by counsel for the plaintiff in their brief do not rule the point in question. One of these cases is *Linder* v. *Watson,* 151 *Ga.* 455 (107 S. E. 62). In that case it was said by this court: "A statute providing for notice, in a case like the present one, where for failure of service a man may be deprived of his property, must be strictly construed." This was an application of the rule in *D'Antignac* v. *Augusta,* 31 *Ga.* 700. But in the case of *Linder* v. *Watson* it appears that the taxpayer was a resident of the county, and the statute required that the resident taxpayer should be served personally with a notice of the change made by the board of tax-equalizers, or by leaving the notice at his place of residence or his place of business; but the notice was sent to the resident taxpayer "through the United States mail and received by the taxpayer." The plaintiff in the *Linder* case insisted that this was not the personal service required by the statute, and this court sustained that contention, laying down the rule stated above, which had been most emphatically stated in the *D'Antignac* case. In the case of *Wade* v. *Turner,* 146 *Ga.* 600 (91 S. E. 690), it was held: "When any change is made in the valuation of the property of a taxpayer as fixed by him in his return, such taxpayer must be given notice of such change." But it was not held that notice as provided in the statute is not sufficient. In the case of *Lewis* v. *Chapman,* 147 *Ga.* 408 (94 S. E. 249), where the question as to sufficiency of the notice was raised, it was said: "The charter provides specifically for notice, and even the form of notice, to be served on the owner of the real estate, ' why you shall not pave the sidewalk or walks as provided in the attached resolution.' It provides that the notice or writ may be served by the marshal of the town, constable, sheriff, or deputy sheriff, on the tenant in possession, at least twenty days before the date of meeting of the council to which the writ has been made returnable, ' provided, that if there is not a tenant in possession, that a service shall be perfected on the owner of the real estate. And in case the owner is not a resident of said State, service shall be deemed sufficient upon its being made to appear that the writ has been deposited in the United States post-office at Copper-hill, Tennessee, properly stamped and addressed to said owner at his most notorious place of abode, or his place of business, 25 days

before the meeting of the council to which it is made returnable,' etc. Due process of law is abundantly provided for by the amendment to the charter, and it is not unconstitutional on the ground that it fails to provide for notice, hearing, etc." Counsel for the plaintiff cite in their brief the case of *Shaw* v. *Probasco,* 139 *Ga.* 481 (77 S. E. 577). In that case it was held: "In order for attorney's fees provided for in a note to be recovered, the holder, his agent or attorney, ' must notify the defendant in writing,' ten days before the bringing of suit, of his intention to sue, and also of the term of court to which suit will be brought. Civil Code, § 4252. The statutory requirement to 'notify in writing' is not met by merely mailing such notice, if it is not received in the time provided." There is nothing in this ruling adverse to what we have held above. In effect it held that the statute prescribing notice must be complied with; and we are laying down the same principle here.      *Judgment affirmed. All the Justices concur.*