## CAMPBELL *et al. v.* CITY OF COVINGTON.

PER CURIAM. Under section 11 of the ordinance of the City of Covington, which provides for the service of a written notice on the property owner, showing the approximate square yards of paving, number of feet of curbing etc., as shown in the statement of facts, the service of such notice is a condition precedent to the right of the city to collect any

assessment from the property owner. It being conceded that no such notice was presented to the complaining property owner· in this· case, the court erred in rendering a judgment striking this ground of the affidavit of illegality. The enactment of such an ordinance was not essential to the right to assess and collect, but, after enactment, the ordinance is binding on the municipality.

(a) "In ex parte proceedings, under special authority, great strictness is required." *D'Antignac* v. *Augusta,* 31 *Ga.* 700.

2. The act of the General Assembly expressly delegated to the City of Covington the power to provide by *ordinance* for paving and improving its streets. It was competent, therefore, for the city to provide for notice and hearing to property owners affected. The amended affidavit of illegality expressly "accepts" the ordinance passed subsequently to the completion of the paving, which provided that an affidavit of illegality might be filed by property owners affected, and struck the ground of illegality which attacked the city ordinance on the ground that it conflicted with the due-process clause of the State constitution. Since the City of Covington, by ordinance, provided for illegality under authority of the act of the General Assembly, neither the act nor the ordinance is lacking, as contended, in providing due process of law. *City of Macon* v. *Anderson,* 155 *Ga.* 607 (117 S. E. 753); and see *Raines* v. *Clay,* 161 *Ga.* 574 (131 S. E. 499). When by ordinance, under authority of the General Assembly, provision is made for the filing of an affidavit of illegality before final judgment, due process of law is afforded.

3. The act is not unconstitutional because of the provision therein that "notice of liens" to property owners shall not be necessary to make the same valid. It is not necessary that notice shall be given to the property owner of the city's lien, especially where the act provides: "all liens against such property shall be recorded in the office of the clerk of the superior court of Newton County."

4. It was competent for the municipal authorities, under the powers conferred by the charter, in the improvement of streets, to provide in a single ordinance for the pavement of several streets, a single street, or a portion of the street, and to include the intersections of streets, and to charge the same against the property of abutting-lot owners; provided that in making the apportionment of the cost of such improvement, where the front-foot rule is adopted, the assessment is made in such manner as to impose upon the respective lot owners their proportionate share of the entire cost estimated according to the width of the respective streets upon which their lots abut. *Mayor &c. of Savannah* v. *Weed,* 96 *Ga.* 670 (23 S. E. 900); *Kaplan* v. *Macon,* 144 *Ga.* 97 (86 S. E. 219). It is not shown that this rule was not strictly followed.

5. None of the other grounds of the affidavit of illegality are meritorious, and they are not of such character as will require special mention.

*Judgment reversed in part. All the Justices concur.*

. No. 7462. SEPTEMBER 25, 1930.

*C. C. King,* for plaintiffs in error.

*Reuben M. Tuck* and *A. S. Thurman,* contra.