THOMAS *v*. CITY OF CAIRO.

WYATT, Justice. The City of Cairo adopted an ordinance which, after reciting the necessity of condemning certain property for the purpose of constructing an impounding lagoon to take care of certain waste products of Cairo Pickle Company, provided as follows: "Now therefore be it resolved that said site and location for said impounding lagoon be acquired by the said City of Cairo for the public use and purpose aforesaid; that immediate negotiations be entered into with the owners of said property for the purchase of said site and location, and that in the event the negotiations should in the opinion of the Mayor prove unfavorable, he, the said Mayor, is hereby authorized to direct the City Attorney or Attorneys to enter a suit or proceeding in the name and behalf of the City of Cairo for the condemnation of said property for the public use and purpose aforesaid; provided, however, that the amount of the purchase-price of and for said property, and the terms, time and mode of payment thereof, whether the consideration be payable through negotiated purchase or by condemnation, shall in any event and in the first instance be approved by the Council of the City of Cairo in regular or duly called session before the same shall be finally binding on the City of Cairo." The City of Cairo thereafter brought a proceeding seeking to condemn 27 acres of land

for the purpose of constructing the impounding lagoon. The owner of the property sought to be condemned filed a petition for injunction against the City of Cairo, alleging that the proceeding to condemn the property was illegal, for the reason that the City of Cairo, by the ordinance authorizing the condemnation proceeding, had sought to limit its liability to such an amount as the Council of the City of Cairo should approve; that the City of Cairo was seeking to exercise the power of eminent domain for other than a public purpose; that the City of Cairo was seeking to appropriate money for the benefit of a company not organized for purely charitable purposes in violation of article 7, section 5, paragraph 1 of the Constitution of the State of Georgia. The City of Cairo filed a general demurrer to the petition, and a plea of estoppel. After a hearing, the trial court overruled the demurrer, denied a motion to dismiss the plea of estoppel, and denied the injunction. The exception here is to the order overruling the motion to dismiss the plea of estoppel, and the refusal to grant an injunction. *Held:*

The law of this State provides for the procedure and method of arriving at just compensation in condemnation proceedings under the power of eminent domain. "Except in cases of extreme necessity and great urgency, the right of eminent domain cannot be exercised without first providing for just compensation to the owner for the interference with his exclusive rights." Code, § 36-104. "If said corporations or persons cannot by contract procure the land, easement, right of way, waterway, franchise, or other interest or property useful, needful, and necessary for public purposes, and authorized by law to be taken or damaged, said corporation or person may take or damage said property, upon paying or tendering to the owner thereof just and adequate compensation for the land, franchise, or other interest or property so to be taken or used." § 36-302. "If the parties cannot agree upon the compensation to be paid, the same shall be assessed and determined as hereinafter provided." § 36-303. The sections of the Code immediately following the above provide for a uniform method of assessing the value of the property to be taken under the power of eminent domain. "The taking or injuring of private property for the public benefit is the exercise of a high power, and all the conditions and limitations provided by law, under which it may be done, should be closely followed. Too much caution in this respect cannot be observed to prevent abuse and oppression." *Frank* v. *Atlanta,* 72 *Ga.* 428, 432. "Nothing is better settled than that private property cannot be taken for public uses, except under the forms and by due course of law." *County Commissioners of Decatur* v. *Humphrey,* 47 *Ga.* 565, 567. "In proceedings under statute authority, whereby a man may be deprived of his property, the statute must be strictly pursued. Compliance with all its prerequisites must be shown." *D'Antignac* v. *Augusta,* 31 *Ga.* 700. "The question presented for decision is whether the City of Atlanta can proceed under its charter to condemn private property for sewer purposes before an ordinance is passed for that purpose. In the instant case the ordinance was passed after the offer to buy the right of way from the owner was made and the notice required

was given. This can not be done so as to make such an ordinance effective. The ordinance must be first passed, and it can not be subsequently enacted and made to relate back to the beginning of the proceedings to negotiate for the purchase of the right of way." *Suburban Investment Co.* v. *Atlanta,* 148 *Ga.* 593, 594 (97 S. E. 542). Nothing is more important in eminent-domain proceedings than that the property owner be paid just and adequate compensation before his property is taken. In the instant case, the City of Cairo attempted by ordinance to provide for the condemnation of the property in question, with the proviso that the city might refuse to accept the property or to pay the award of the assessors if the amount, manner of payment, and terms thereof were not satisfactory to the city. This very clearly can not be done. It amounts to an effort, not to comply with the law, but to proceed to exercise the power of eminent domain and take private property for public use in direct contradiction to the provisions of the law. Applying the foregoing principles of law to the facts in this case, the City of Cairo has not sufficiently complied with the law in order to exercise the high power of eminent domain. It is argued that this language limiting the liability of the city is mere surplusage, and that the city would, in any event, be liable to pay the amount found by the assessors. *Harrison* v. *State Highway Department,* 183 *Ga.* 290 (188 S. E. 445), and other cases holding that, when an award is made, the condemnor cannot, after a final judgment has been rendered from which no appeal is taken, avoid payment of the amount assessed by abandoning the project or otherwise are cited. We are familiar with this line of decisions, but they furnish no answer for the failure of the city in the first instance to comply with the law. The property owners of this State should not be subjected to the harsh procedure of having their property taken from them under the power of eminent domain against their will, and then be forced to undergo the uncertainty and expense of litigation in order to collect compensation. The power of eminent domain should never be exercised unless and until there has been a strict compliance with the provisions of the law by the condemnor. It follows from what has been said above that it was error to deny the injunction. In this view of the case, it becomes unnecessary to rule upon the other questions raised.

*Judgment reversed. All the Justices concur.*

No. 16890. JANUARY 11, 1950.

*H. G. Rawls, Alexander, Vann & Lilly,* and *Reynolds & Johnson,* for plaintiff.

*S. P. Cain, George T. Smith,* for defendant.