CITY OF DOUGLAS v. ATLANTIC COAST LINE RAILROAD CO. et al.

DUCKWORTH, Chief Justice. 1. The defendants' demurrer to the petition of the City of Douglas to condemn land for the extension of a street and to enjoin the defendants from erecting any structure on the land involved was sustained, and this judgment is excepted to here. The charter of 1899, as amended in 1921 (Ga. L. 1921, p. 870), in conferring upon the city the power of eminent domain to widen, extend, or open streets, lanes, alleys, etc., provides that "same being done in accordance with resolutions or ordinances passed by said Mayor and Aldermen." The petition was fatally defective in failing to allege the adoption of such a resolution or ordinance. *Suburban Investment Co.* v. *City of Atlanta,* 148 *Ga.* 593 (97 S. E. 542); *Thomas* v. *City of Cairo,* 206 *Ga.* 336 (57 S. E. 2d, 192). Since, as just ruled, no legal right to condemn was alleged, obviously, no right to enjoin erection of a structure on the land was shown. There was no error in dismissing the petition on demurrer.

2. To the petition aforesaid the defendants and particularly Atlantic Coast Line Railroad Company filed a cross-petition, seeking a permanent injunction against the City of Douglas prohibiting it from attempting to condemn the land involved. By agreement, the parties tried the cross-action on stipulated facts before the judge without a jury, and he rendered judgment granting the relief prayed. The exception to that judgment is as follows: "The plaintiff then and there excepted and now excepts to such order as being erroneous and contrary to law and assigns error on the same." This exception under repeated rulings presents nothing for decision. *Cates* v. *Duncan,* 180 *Ga.* 289 (179 S. E. 121); *Greenfield* v. *Harvey,* 191 *Ga.* 92 (11 S. E. 2d, 776); *Carpenter* v. *State,* 194 *Ga.* 395 (21 S. E. 2d, 643); *Lanier* v. *Gay,* 197 *Ga.* 187 (28 S. E. 2d, 579).

*Judgment affirmed. All the Justices concur.*

No. 17382. MARCH 12, 1951.

*Ward Whelchel* and *George E. Maddox,* for plaintiff.

*R. A. Moore, B. G. Oberry, Alston, Foster, Sibley & Miller,* and *Matthews & Hendrix* for defendants.