18550. COBB *et al. v.* HOUSING AUTHORITY OF THE CITY OF ATHENS *et al.*

Argued April 12, 1954—Decided May 10, 1954—
Rehearing denied May 31, 1954.

*Erwin, Nix, Birchmore & Epting,* for plaintiffs in error.
*Milner, Stephens & Bentley, John L. Green,* contra.

Wyatt, Presiding Justice. The petition alleges that the Housing Authority at the time the condemnation proceedings were

instituted, had only three commissioners. The act of 1937, supra, sec. 5, provides: "Upon receiving such notice, the Mayor, by and with the consent of the Governor, shall appoint five persons as commissioners of the authority created for said city." It is then provided that three of the five members shall constitute a quorum. The act further makes it the duty of the authority to fill any vacancy in the board of commissioners.

It is alleged that two vacancies occurred on the board, and that the authority instituted this proceeding to condemn the property without filling the two vacancies. It is contended that the power of eminent domain can not be exercised by a board of commissioners composed of only three members, when the law requires a board of five commissioners. It is contended by the defendants in error that, since there was a quorum, this makes no difference. It is stated in the briefs that no case precisely in point has been found, and we have found none.

We are fully aware of the many decisions of this court to the effect that, when there is a vacancy or vacancies in a board of directors of a corporation, the remaining members may conduct the ordinary business of the corporation, so long as the required quorum is present and acting. But here we are not dealing with the ordinary business of an ordinary corporation. We are dealing with what appears to us to be rather an extraordinary corporation attempting to exercise the very highest of extraordinary powers. This housing authority, according to the allegations of the petition, is attempting to exercise the power of eminent domain, and, as a result of the exercise of that power, to deprive at least fourteen of the plaintiffs in error of the homes in which they live, which are alleged to be modern homes with all modern conveniences. These homes are to be destroyed in order to make room for homes to be constructed for other people. If this sort of thing is to be done, certainly the law under which it is attempted to be done should be complied with to the letter.

"The taking or injuring of private property for the public benefit is the exercise of a high power, and all the conditions and limitations provided by law, under which it may be done, should be closely followed. Too much caution in this respect can not be observed to prevent abuse and oppression." *Frank* v. *City of Atlanta,* 72 *Ga.* 428. "In proceedings under Statute authority

whereby a man may be deprived of his property, the Statute must be strictly pursued. Compliance with all its prerequisites must be shown." *D'Antignac* v. *City Council of Augusta,* 31 *Ga.* 700. See also *Suburban Investment Company* v. *City of Atlanta,* 148 *Ga.* 593 (97 S. E. 542), and *Thomas* v. *City of Cairo,* 206 *Ga.* 336 (57 S. E. 2d 192). Many other decisions of this court could be cited in which these rules of law have been applied. In the instant case, the law provides that this housing authority shall be composed of five and not three commissioners.

This court in *Rogers* v. *Toccoa Power Co.,* 161 *Ga.* 524, 532 (131 S. E. 517, 44 A. L. R. 534), makes use of the following language: "Conceding, but not deciding, that under the two decisions of this court just cited, the defendant is, under the law of this State, a de facto corporation, nevertheless it has no power to exercise eminent domain." This holding points up just how careful this court has always been to insure that all requirements of the law are strictly complied with in a strict legal manner before a corporation will be permitted to exercise the high power of eminent domain.

In the instant case, the law requires that the Housing Authority of Athens shall be in the hands of five and not three commissioners. It is further provided just how vacancies may be promptly filled. This authority with two vacancies saw fit not to fill the vacancies, but attempted to condemn the homes of some, and other property of others, with only three men on the board of commissioners. We believe that, before people are deprived of their homes and property under the provisions of this law, the statute must be strictly complied with, and there must be five commissioners before the power of eminent domain can be exercised.

This ruling being decisive of this case, it becomes unnecessary to decide the other questions raised, including the constitutional question.

It follows from what has been said above, the judgment complained of must be reversed.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., Hawkins, and Sutton, JJ., who dissent.*

HAWKINS, Justice, dissenting. I dissent from the ruling of the majority of the court for the reason that it is in conflict with

Code § 102-102 (5), which provides: "A joint authority given to any number of persons, or officers, may be executed by a majority of them, unless it is otherwise declared." There is no requirement under the "Housing Authorities Law" (Code, Ann. Supp., Chapter 99-11) that the power of eminent domain shall be exercised only by a Housing Authority composed of all five Commissioners provided for in the act, and under the Code section above referred to this power may be exercised by three of such Commissioners, they constituting a quorum and majority. Code (Ann. Supp.) § 99-1112. See also *Beall* v. *State*, 9 *Ga.* 367 (1); *City of Blakely* v. *Singletary*, 138 *Ga.* 632 (75 S. E. 1054); *Collins* v. *Collins*, 157 *Ga.* 85, 87 (121 S. E. 218).

I am authorized to say that Mr. Chief Justice Duckworth concurs in this dissent.