19048.   MARIST SOCIETY OF GEORGIA *et al. v.*
CITY OF ATLANTA *et al.*

ARGUED SEPTEMBER 15, 1955—DECIDED NOVEMBER 29, 1955—
REHEARING DENIED DECEMBER 15, 1955.

116

[black redaction bars]

*Merrell Collier, Henry L. deGive, Allen Post,* for plaintiff in error.

*B. D. Murphy, J. Winston Huff, Powell, Goldstein, Frazer & Murphy, Newell Edenfield, J. C. Savage, J. C. Murphy, Henry L. Bowden, Martin McFarland, J. M. B. Bloodworth,* contra.

HEAD, Justice. 1. The contention that the City of Atlanta has not been granted legislative authority to condemn property for a State highway is based upon statutes enacted, and decisions of this court, prior to the act approved March 7, 1955 (Ga. L. 1955, pp. 559-564). Section 3 of the act of 1955 provides that any municipality in this State, in co-operation with any Federal, State, or local agency, is authorized to plan, designate, and establish limited access highways. Under § 5 of the 1955 act, municipalities are authorized to acquire private or public property for such highways by purchase or condemnation "in the same manner as such governmental units are now or may hereafter be authorized by law to acquire such property." ·

The charter of the City of Atlanta approved February 28, 1874, and particularly § 60 thereof (Ga. L. 1874, pp. 116-150), as amended, has been construed by this court to authorize the city to condemn property for public streets. See *Trustees of Atlanta University* v. *City of Atlanta,* 93 *Ga.* 468 (21 S. E. 74) ; *Georgia R. & Bkg. Co.* v. *Town of Decatur,* 129 *Ga.* 502 (59 S. E. 217) ; ·*Zachry* v. *Mayor &c. of Harlem,* 138 *Ga.* 195, 199 (75 S. E. 4).

The original brief filed by counsel for the defendants concedes

that the charter of the city confers the power of eminent domain upon the city for public streets.

2. An amendment to the charter of the city (Ga. L. 1886, pp. 239, 240) provides that the city may decline to accept property sought to be condemned should the award be deemed by the general council to be too high or unreasonable. It is insisted that the city is proceeding illegally because of this charter provision.

This provision is in accord with the general law of this State with reference to condemnation of property for public roads by the several counties of this State. Code § 36-1004. The case of *Thomas* v. *City of Cairo,* 206 *Ga.* 336 (57 S. E. 2d 192), cited by the defendants, is not in point on its facts with the present case. In the *Thomas* case the City of Cairo, in the resolution authorizing the condemnation proceedings, undertook to limit and restrict the resolution providing for condemnation, in that the price to be paid was to be approved by the Council of the City of Cairo "before the same shall be finally binding on the City of Cairo." In the present case the resolution by the mayor and council authorizing the condemnation of the property described does not undertake to limit or restrict the condemnation, or limit it to final approval by the city. On the contrary, the resolution provides specifically that the amount of the final award shall be paid from a designated fund.

The brief of counsel for the defendants asserts that the right-of-way which the city is seeking to condemn is a part of a highway being constructed partly with Federal funds pursuant to a contract between the State Highway Department of Georgia and the Commissioner of Public Roads of the Federal Government. There is nothing in the pleadings or in the record in the present case to indicate any desire on the part of the mayor and council of the city to limit or abandon any part of the extensive limited access highways under construction within the territorial limits of the city; nor is there anything in the record to indicate that, should the city elect to abandon the project, it would not be completed by the State Highway Department pursuant to its contract with the Commissioner of Public Roads of the Federal Government.

Under the rule stated in *Harrison* v. *State Highway Dept. of Ga.,* 183 *Ga.* 290 (188 S. E. 445), the condemnor can not just

abandon a condemnation proceeding. Affirmative action seeking to set aside the judgment in favor of the condemnor, and the payment of all expenses and damages accrued to the condemnee, are essential to the vacating and setting aside of a judgment for the value of property condemned.

In the absence of proof that the city is asserting a right to abandon the project, or that the condemnation proceedings were not in good faith, the condemnation of lands for highways will not be enjoined on the theory that the city is authorized by its charter to disapprove an award for the value of the land.

3. In *State Highway Dept.* v. *H. G. Hastings Co.*, 187 *Ga.* 204, 208 (4) (199 S. E. 793, 133 A. L. R. 1), it was said that the condemnor can, in one proceeding, condemn a right-of-way over several tracts of land owned by different persons. See also *Cook* v. *State Highway Board*, 162 *Ga.* 84 (132 S. E. 902). In the present case the proceedings are in rem against a described tract of land, and are authorized by Code § 36-1104, as amended by Ga. L. 1937-38, Ex. Sess., pp. 251, 253, and by the act of 1955 (Ga. L. 1955, pp. 559-564). Citations of authority that a suitor can not join in one action in personam a number of persons and causes of action have no application to a condemnation proceeding in rem against described lands.

4. In a statutory proceeding, where a person may be deprived of property, the statute must be strictly pursued. *D'Antignac* v. *City Council of Augusta*, 31 *Ga.* 700; *Lewis* v. *Chapman*, 147 *Ga.* 408 (94 S. E. 249); *Campbell* v. *City of Covington*, 171 *Ga.* 220 (155 S. E. 200); *Thomas* v. *City of Cairo*, supra. And where the charter of a municipality requires the adoption of a valid ordinance as a prerequisite to the condemnation of private property, and such requirement is not complied with prior to the condemnation proceedings, the action will be enjoined. *Suburban Investment Co.* v. *City of Atlanta*, 148 *Ga.* 593 (97 S. E. 542).

The charter of the City of Atlanta (Ga. L. 1874-75, pp. 116-150), in § 70, authorizes the adoption of ordinances. Section 60, providing for condemnation of private property for public streets, is silent on the question as to whether the city shall act by ordinance or by resolution. In *Trustees Atlanta University* v. *City of Atlanta*, supra, the adoption of a resolution under § 60 of the charter of the city of 1874 was approved.

5. (a) The petition does not seek to condemn more property than is provided by the resolution authorizing the condemnation.

(b) The resolution authorizing the condemnation does not describe the property sought to be condemned, but refers to a copy of an attached plat. The resolution is not, therefore, insufficient for the want of a valid description of the property.

(c) The general law prior to the act of 1955 (Ga. L. 1955, pp. 559-564), Code § 36-1104, as amended by Ga. L. 1937-38, Ex. Sess., pp. 251, 253, authorizes condemnation of lands in fee simple. See State Highway Dept. v. H. G. Hastings Co., supra. The act of 1955 (Ga. L. 1955, pp. 559-564), in § 5, provides that "All real property rights acquired under the provisions of this act shall be in fee simple." The city is not, therefore, attempting to acquire a greater interest in the property than that authorized by law.

(d) The act of 1955 (Ga. L. 1955, pp. 559-564), does not require negotiation for the purchase of property prior to the filing of condemnation proceedings.

6. The condemnation proceedings in the present case are not subject to the objection that the city is undertaking to condemn, piecemeal, portions of the right-of-way required. It is the duty of persons claiming an interest in property sought to be condemned to establish the amount and character of the interest claimed, and in such a proceeding all interests may be condemned, whether acquired by easement or by fee simple title to the property.

7. It is contended that "The decision of the court denying an interlocutory injunction on the cross-bill was based upon questions of law and was not a discretionary decision of the court." This contention appears to be correct, and there being no reversal of the rulings of the court on the several law questions, the interlocutory injunction was properly denied.

8. The trial court properly overruled the general demurrers of the defendants to the condemnation proceeding.

9. The court properly denied the defendants' motion for a nonsuit, and properly denied the prayer of their response that the proceedings be dismissed.

*Judgment affirmed. All the Justices concur.*