37957. BROWN *v.* SPALDING COUNTY *et al.*

DECIDED NOVEMBER 17, 1959.

*Cumming & Cumming, Joseph R. Cumming,* for plaintiff in error.

*J. C. Owen, Jr., William H. Beck, Jr.,* contra.

FELTON, Chief Judge. The sole issue in this appeal is the sufficiency of the petition of Spalding County and the City of Griffin seeking to condemn a perpetual easement of a certain clear zone of air space over the condemnee's property for use by aircraft in ascending from or descending to the Griffin-Spalding County Airport adjacent thereto. It is contended that the petition fails to show that the city has proceeded in the manner provided by law for condemnation by it.

Authority for condemnation of an easement such as this is found in Section 8 of the Airport Zoning Act of 1946 (Ga. L. 1946, pp. 121, 129; Code, Ann., § 11-421): "Acquisition of Air Rights. In any case in which; (1) it is desired to remove, lower, or otherwise terminate a non-conforming use; or (2) the approach protection necessary cannot, because of constitutional limitations, be provided by airport zoning regulations under this Act; or (3) it appears advisable that the necessary approach protection be provided by acquisition of property rights rather than by airport zoning regulations, the political subdivision within which the property or non-conforming use is located or the political subdivision owning the airport or served by it may acquire, by purchase, grant, or condemnation in the manner provided by the law under which political subdivisions are authorized to acquire real property for public purposes, such an air right, easement, or other estate or interest in the property or non-conforming use in question as may be necessary to effectuate the purpose of this Act." The manner provided by law under which the City of Griffin is authorized to acquire real property for public purposes is set forth in Section 22 of its charter (Ga. L. 1921, pp. 959, 964): "The Board of Commissioners shall have full power and authority to adopt such ordinances and regulations as they may deem proper, not in conflict with the Constitution and Laws of the United States or of this State . . . 13. To have and exercise the powers of eminent domain so as to condemn and acquire private property, whether located in or out of said city, for public uses and purposes, or for the use and benefit of said city. . ."

It is plain that the charter contemplates that the exercise of powers of eminent domain by the city shall be in pursuance of a duly adopted ordinance authorizing condemnation of the property in question. The petition was fatally defective in failing to allege the adoption of such an ordinance. *City of Douglas* v. *Atlantic Coast Line R. Co.*, 207 *Ga.* 690 (1) (64 S. E. 2d 63) and citations. Since the condemnation proceeding is brought jointly by the city and the county, the omission of such allegation renders the entire petition defective.

The court erred in refusing to so rule.

*Judgment reversed. Quillian and Nichols, JJ., concur.*