39415. CITY OF CARTERSVILLE v. LONG *et al.*

CARLISLE, Presiding Judge. 1. The petition to vacate and set aside the award of the assessors in this condemnation case alleges that the petitioner (condemnee) was notified of the proceeding and appointed an assessor but that he was never notified of the appointment of the third assessor nor of the time and place of the hearing before the assessors and was not afforded an opportunity to present to the assessors evidence of the value of the property sought to be condemned, and that the proceeding thus violated the strict requirements of *Code Ch.* 36-5. The petition clearly showed a departure in several respects in the proceeding from the requirements of the statute and it was not subject to general demurrer. " 'The taking or injuring of private property for the public benefit is the exercise of a high power, and all the conditions and limitations provided by law, under which it may be done, should be closely followed. Too much caution in this respect can not be observed to prevent abuse and oppression.' *Frank v. City of Atlanta*, 72 Ga. 428. 'In proceedings under Statute authority whereby a man may be deprived of his property, the Statute must be strictly pursued. Compliance with all its prerequisites must be shown.' *D'Antignac v. City Council of Augusta*, 31 Ga. 700. See also *Suburban Investment Company v. City of Atlanta*, 148 Ga. 593 (97 SE 542), and *Thomas v. City of Cairo*, 206 Ga. 336 (57 SE2d 192)." *Cobb v. Housing Authority of the City of Athens*, 210 Ga. 676, 677-8 (82 SE2d 848). cf. *Patterson v. State Hwy. Dept.*, 201 Ga. 860 (41 SE2d 260). Applying the foregoing principles, the trial judge did not err in overruling the demurrers filed by the condemnor. See *State Highway Dept. v. McCurdy*, 217 Ga. 731, 735 (124 SE2d 630).

2. The fact that the condemnee, upon being notified of the award of the assessors, filed an appeal therefrom did not constitute the pursuit of an inconsistent remedy so as to bar him from concurrently therewith petitioning to have the award vacated and set aside on the ground that the statute had not been complied with. *Williams v. City of LaGrange,* 213 Ga. 241 (98 SE2d 617).

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*

DECIDED APRIL 17, 1962.

*Henson, Greene & Greene, Wm. B. Greene,* for plaintiff in error.

*Hugh B. Pettit, Jr.,* contra.