## WARTHEN *v.* ENGLISH, sheriff, *et al.*

It is within the power of the county commissioners or other proper county authority, upon recommendation of the county board of education, to levy a tax not exceeding five mills upon the taxpayers of the county residing without the limits of independent local school systems, although there is also levied a similar tax of five mills upon the dollar for the support of the school under the provision of a local enactment within the local school district for the same purpose.

No. 4094. APRIL 29, 1924.

Petition for injunction. Before Judge Hardeman. Washington superior court. November 5, 1923.

The petition of W. B. Warthen alleged as follows: On May 17, 1917, a school district was laid off in Washington County, and known as School District No. 17, which embraced the town of Davisboro and adjacent territory; and said district was accepted and recognized by the board of education of Washington County, and treated as a separate entity for school purposes. A board of trustees for said district was legally elected, and qualified as such, and began to function as trustees of said district. On October 1, 1917, more than one fourth of the qualified voters of the district petitioned the ordinary of said county, asking for an election for local taxation for public schools; whereupon an election was held and resulted in a vote for local taxation for public schools, which result was duly declared by said ordinary. The trustees of the district determined the amount necessary to be raised by local taxation on all the property thereof to be four mills on the dollar, and a tax levy was made, and a special digest of the property of the district was made up and furnished to the tax-collector of the county, and he proceeded to collect said four-mills tax of those owning property in the district for the year 1918, and a similar tax was levied and collected in the same manner for the years 1919, 1920, and 1921. On May 22, 1919, an election was legally held in said district, when there was submitted to the qualified voters thereof the question as to whether bonds in the sum of $20,000 should be issued for the purpose of erecting a new school building, which election resulted in a vote in favor of the issuance of the bonds; and on August 15, 1919, the board of trustees of the district resolved and ordered that bonds in said amount be issued for such purpose; and it was further ordered that for the purpose of paying the principal of said bonds at their maturity a direct annual tax should be levied upon the ad valorem value of all taxable property within said district, sufficient to produce the sum of $1,000 in and for each of the years 1919 to 1938, inclusive, and for the purpose of paying the interest on said bonds there should be levied each year a tax of three and one-half mills on the dollar of taxable property. The said bonds were regularly issued and sold, and taxes for the payment of the interest and the accumulation of a sinking-fund were duly levied in the years 1920, 1921, 1922, and 1923. In the year 1922 the board of trustees of the district duly and legally levied a tax of five mills for the purpose

of paying the principal and interest on said bonded indebtedness, and an additional tax of five mills for the maintenance of the public schools within the district, and caused to be made up a tax-digest of all the taxable property located within the district and delivered the same to the tax-collector of the county, together with the notice of the levy of five mills for payment of bonds and interest thereon and five mills for maintenance, a total of ten mills; and the tax-collector proceeded to collect said tax in accordance with said levy. The commissioners of roads and revenues of Washington County, with full knowledge of all the facts above set forth, levied an additional tax of five mills for school purposes on all the taxable property of said district, and caused the tax-collector of the county to proceed to collect said tax. Petitioner, having paid all the taxes required of him by law, with the exception of this double tax for school purposes, declined to pay the same; whereupon the tax-collector issued a fi. fa. against petitioner, and placed the same in the hand of B. A. English, sheriff of the county, who levied the fi. fa. upon property of petitioner, and is threatening and undertaking to advertise and sell this property for the purpose of collecting said illegal tax. "In making said levy said commissioners, to wit, J. E. Smith, chairman, M. R. Tucker, and G. C. Walker, exceeded the authority vested in them by law, and were not authorized to assess and collect taxes for the support of public schools in excess of five mills on the dollar, under the amendment to the constitution of this State adopted in 1920, while the tax levy of popular vote continued in force in said School District No. 17, and . . said tax levy does not and cannot apply to property situated within said School District." Petitioner prayed that the commissioners and the sheriff be restrained and enjoined from proceeding with the collection of said tax, and that the levy be declared illegal and void so far as the same relates to school district No. 17.

The defendants admitted the allegations of the petition, except those which charged that the tax levy was illegal. For further answer they set up, that they were not undertaking to levy more than a five-mills tax; that the tax levy referred to as made by the school district prior to this was not a levy and assessment by said commissioners, but was a special assessment under what is known as the McMichael act; "that they are proceeding to make said tax

levy upon the recommendation of the board of education of Washington County, under authority vested in them by the constitution of Georgia, under the amendment adopted in 1920.

The trial judge passed an order denying an injunction; and the plaintiff excepted.

*Evans & Evans,* for plaintiff.

*J. Hines Wood* and *W. M. Goodwin,* for defendants.

RUSSELL, C. J. (After stating the foregoing facts.) In the constitution of 1877 as originally adopted by the people, art. 8, sec. 4, par. 1, providing for an educational tax for public schools was as follows: "Authority may be granted to counties upon the recommendation of two grand juries, and to municipal corporations upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits, by local taxation; but no such local laws shall take effect until the same shall have been submitted to a vote of the qualified voters in each county or municipal corporation, and approved by a two-thirds vote of persons qualified to vote at such election; and the General Assembly may prescribe who shall vote on such question." By the passage of the act approved August 17, 1903 (Acts 1903, p. 23), art. 8, sec. 4, par. 1, as above quoted, was proposed to be amended by striking out the words "upon the recommendation of two grand juries," and substituting therefor "militia districts, school districts," and by striking out the words "a two-thirds vote of persons qualified to vote," and substituting therefor the words "two-thirds majority of those voting." This amendment having been submitted to the people for ratification and adopted by the people of the State, the section referred to was altered to read as follows: "Authority may be granted to counties, militia districts, school districts, and to municipal corporations upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits by local taxation; but no such laws shall take effect until the same shall have been submitted to a vote of the qualified voters in each county, militia district, school district, or municipal corporation and approved by two-thirds majority of persons voting at such election, and the General Assembly may prescribe who shall vote on such questions." It will be noted that under this amendment power was given to school districts to establish and maintain public schools by local taxa-

tion, but the provision was not self-executing, and required legislation; and also that this grant of the right of local taxation should be submitted to and approved by "two-thirds majority of persons voting at such election," instead of by "a two-thirds vote of persons qualified to vote at such election," indicating a purpose to render the power to tax less difficult to obtain than theretofore.

In 1919 the General Assembly submitted an amendment to art. 8, sec. 4, par. 1, of the constitution as previously amended, so as to grant authority to the counties of the State to levy a local tax for the support of the public schools, but *required* the county authorities to levy a tax for that purpose. This proposed amendment was ratified by the people on November 2, 1920; and the result having been proclaimed by the Governor as provided by law, it became a part of the constitution of the State. This amendment, by the striking out of art. 8, sec. 4, par. 1, of the constitution the words, "but no such laws shall take effect until the same shall have been submitted to a vote of the qualified voters in each county, militia district, school district, or municipal corporation, and approved by two thirds majority of persons voting at such election; and the General Assembly may prescribe who shall vote on such questions," and inserting in lieu thereof, "The proper county authorities whose duty it is to levy taxes for county purposes in this State shall, on the recommendation of the board of education, assess and collect annually for the support of the public schools under its control not less than one (1) nor more than five (5) mills on the dollar of all taxable property of the county outside of independent local systems," rendered it unnecessary that the question of this particular local taxation for the support of public schools under control of the board of education be submitted to a popular vote, provided the tax thus imposed did not exceed five mills on the dollar upon the taxable value of the property of the county. Since the adoption of the amendment, art. 8, sec. 4, par. 1, of the Constitution provides as follows: "Authority is granted to the counties and municipal corporations, upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits by local taxation. The proper county authorities whose duty it is to levy taxes for county purposes in this State shall, on the recommendation of the board of education, assess and collect taxes for the support of public schools

under its control, not less than one nor more than five mills on the dollar of all taxable property of the county outside of independent local systems, which shall be distributed equitably according to the school population, tax values, the number of teachers and their grade of license, among the public schools therein. An additional levy to that already allowed, not to exceed five mills, shall be permissible in independent local systems, municipalities, or school districts, on a two-thirds vote of those voting. No additional election shall be required to maintain any local school tax now in existence in districts, counties, or municipalities; provided this bill shall not apply to counties having a local school system of taxation adopted prior to the constitution of 1877."

Upon the hearing in this case the facts alleged in the petition were admitted to be true; and since it is stated in the petition that the levy by the commissioners of roads and revenues of Washington County does not exceed five mills upon the taxable value of the property, the judge of the superior court correctly refused the injunction prayed for. It appears that the board of education recommended the assessment and collection of the tax, and that the Davisboro School District No. 17 was not an independent local school system within the meaning of that term. Nothing was held in the case of *McMillan* v. *Tucker*, 154 *Ga.* 154 (113 S. E. 391), which conflicts with what we now hold. In fact our ruling is based upon that authority. The levy in the *McMillan* case was held to be illegal only because in that case the commissioners of Irwin County levied a tax of seven and one half mills instead of five mills as provided in the constitution. The constitution limits the tax now referred to to five mills, and the board of education and the county commissioners of Irwin County attempted to levy seven and one half mills; and accordingly the court said: "So the levy of two and one half mills in addition to the rate fixed by the popular vote in Irwin County was without authority of law, and the same should have been enjoined."

The validity of the tax levies within the local school district will not be dealt with at this time, as this question is not presented in the record.      *Judgment affirmed.    All the Justices concur.*