SMITH, sheriff, *et al. v.* SHACKELFORD *et al.*

1. There was no error in overruling the demurrer to the petition.
2. The evidence was sufficient to demand a verdict finding that the taxpayers had duly made a return of the property for taxation; that after the return was made it was submitted to the tax-assessors of the county, who considered and raised that return; that the property-owners were not notified of the raise of the tax return; and that they tendered and paid the amount that they admitted to be due. In these circumstances, in view of the fact that the plaintiffs were not notified of the raise of their tax return, the verdict directed in their favor, in their suit to enjoin the enforcement of the tax executions, was demanded by the evidence, and the judge did not err in so directing.

No. 5272.  FEBRUARY 25, 1927.

Equitable petition. Before Judge Crum. Wilcox superior court. November 23, 1925.

On July 6, 1923, O. L. Smith, sheriff of Wilcox County, levied a tax execution issued by the tax-collector against T. J. Shackelford, F. C. Shackelford, and G. O. Shackelford, for the year 1920, upon "300 acres of lot No. 217 in the first district of Wilcox County." This fi. fa. was transferred, in January, 1921, to the Bank of Abbeville for $1,907.78. It showed a credit, on January 3, 1923, of $1,281. T. J. and F. C. Shackelford are residents of Clarke County, and G. O. Shackelford is a resident of Wilcox County. They filed an equitable petition, alleging that they had

Taxation, 37 Cyc. p. 995, n. 43; p. 1259, n. 99; p. 1263, n. 14; p. 1270, n. 47; p. 1271, n. 57; p. 1272, n. 58; p. 1274, n. 75; p. 1276, n. 83.

no adequate remedy at law, and praying that Smith, sheriff, and the Bank of Abbeville be restrained from selling or advertising to sell the property under said fi. fa., and that on a final hearing the defendants be permanently enjoined from selling the property or attempting to enforce the collection of the fi. fa. in any manner; and for general relief. In substance the petition alleged: The plaintiffs made a return of all their taxable property in Wilcox County, at a fair and just valuation, not exceeding $38,000, for the year 1920. The tax-equalizers were not satisfied with the return and raised it to $63,090, which action was unlawful, for the reason that they failed to notify petitioners, as required by law, of the changes made in their return. The tax-collector has issued an execution against petitioners according to the raised valuation, and said execution, after having been transferred to the Bank of Abbeville, has been levied by the sheriff. (Par. 8 ) Petitioners do not owe the full amount of the tax fi. fa., for the reasons that the raised valuation of the equalization board was too much, that the fi. fa. is invalid because no notice was given as required by law that the equalizers had raised the return, and that the valuation in their return was proper, and the fi. fa. issued upon the raised valuation is in excess of the true amount due, by the sum of $25,090. The tax rate for 1920 was $3 per thousand, making the total tax due $1,-140, but the tax for which the fi. fa. issued and is now attempted to be enforced by levy is $1,892.70, making a difference of $752.70 more than the amount due under their return. (Par. 11.) The description of the property, "300 acres lot of land No. 217 in the first district" of Wilcox County, is insufficient to locate the particular 300 acres alleged to have been levied upon, so as to identify the property intended to be sold. (Par. 12.) By reason of this indefinite description and the uncertainty of the particular 300 acres to be sold out of lot 217, no prospective purchaser would be willing to buy the land described in the levy; and the remaining portion of the land lot could not be sold, as it could not be ascertained what portion of the lot had been sold. This would constitute a cloud on the title of the remainder of petitioners' property, as well as on that part which might be sold, notwithstanding the indefiniteness in description.

The defendants demurred to the petition; the demurrer was overruled, and defendants excepted. The case proceeded to trial,

and the court excluded evidence sought to be introduced by the defendants upon the question of the value of the property returned by the petitioners for taxation, holding that this evidence was irrelevant to the issue; and exception is taken to this ruling. The attorney for the defendants propounded to G. O. Shackelford the following question: "How much of this property was it that you got a $50,000 long loan on?" Counsel for the plaintiffs objected to the question as irrelevant, insisting that only the questions of return, assessment, and notice were relevant. The defendants' attorney insisted, that, as the plaintiffs had come into a court of equity on the proposition that theirs was a fair return, defendants had a right to show the court that it was not a fair return; and they offered to show that the fair valuation of the property returned for the year 1920 was the amount that was fixed in the tax return as it appears upon the digest. The court ruled that the question was not the value of the property, but whether the machinery of the law had been properly used. Upon the close of the testimony the court directed a verdict in favor of the plaintiffs, and granted a permanent injunction. The defendants excepted.

*Hal Lawson,* for plaintiffs in error.

*Shackelford & Shackelford,* contra.

RUSSELL, C. J. (After stating the foregoing facts.)

1. We think the court correctly overruled the demurrer to the petition. The defendants demurred upon the grounds that the declaration sets forth no cause of action, that there is no equity in the petition, and that the plaintiffs owe a certain amount as taxes and can not make the attack upon the assessment. The defendants maintain that the tax which is due by the plaintiffs must be paid before they can contest the legality of the tax assessment. Paragraphs 11 and 12 of the petition are demurred to as irrelevant to the relief prayed.

The declaration, even if it required amendment in some particulars, was certainly sufficient to withstand a general demurrer. It is alleged that the return made by the plaintiffs was raised by the county board of tax-assessors without notice to the plaintiffs, and for that reason the assessment and the fi. fa. issued thereon is void, and yet the sheriff is proceeding to advertise the property to be sold under a levy which is also void because of uncertainty of description of the land levied upon. It is averred that if the

property levied upon is sold, the petitioners will be damaged by the sale placing a cloud upon the title of the remaining portion of lot No. 217. The petition would be immune from attack as not requiring equitable relief for the purpose of preventing a cloud upon petitioners' title to the remainder of lot 217, which was not subject to levy, if there were no other allegations in the petition requiring the intervention of equity. Under these allegations it was not necessary for the plaintiffs to pay the full amount of the fi. fa. before they would be permitted to test its legality. The general rule of equity is that when a portion of an indebtedness is admitted to be due, the petitioner can not ask the aid of equity under any circumstances unless he has tendered or paid what he admits to be due. In the present case it does not appear from the petition that the plaintiffs admit they owe any tax under the fi. fa. The substance of the statement in the petition is that the plaintiffs owe $1,140 of taxes for the year 1920; but they contend, for the reasons stated as to the invalidity of the fi. fa., that they are not indebted in any amount under the execution.

2. There was no error in the exclusion of the evidence with reference to the actual value of the land owned by the plaintiffs and which was subject to tax in Wilcox County, as illustrative of whether the plaintiffs made a fair return or failed to do this. Under the act of 1913 (Ga. L. 1913, p. 123), the validity of the fi. fa., in a case where the valuation fixed by the taxpayer in his return is assessed and changed by the county board of tax-assessors, and where it is alleged that no notice of the change was given, depends upon only three questions: (1) Whether a return was made. (2) Whether the assessment was raised by the county tax-assessors. (3) Whether before the final entry of the assessment the taxpayer had been notified as prescribed by law. Section 6 of the act of 1913, supra, provides: "When any such corrections, changes, and equalizations shall have been made by said board, it shall be the duty of the board to immediately give notice to any taxpayer of any changes made in his returns, either personally or by leaving same at his residence or place of business, or, in case of non-residents of the county, by sending said notice through the United States mails to his last known place of address." The evidence is undisputed that T. J. and F. C. Shackelford are residents of Clarke County, and that G. O. Shackelford is a resident

of Wilcox County. It is provided that only in case of non-residents of the county can notice be given by mail. As to the residents of the county there is no provision for mailing the notice of change in the assessment, but such notice must be served upon the resident taxpayer, either personally or by leaving same at his residence or place of business. G. O. Shackelford testified that he had received no letter, but this is entirely immaterial. The witness for the defendants did not testify that written notice was given by mail to either T. J. or F. C. Shackelford. The case therefore narrowed itself to a question of notice or no notice of the change in the assessment. The question as to the value, of course, would throw no light on whether there was in fact a return made, and of course this is essential in order to give the board of county tax-assessors any power to assess at all; for if a taxpayer is a defaulter, the law provides that the tax-receiver shall appraise his property at a fair valuation and doubletax the taxpayer, who can only be relieved by action of the ordinary. Each member of the board of county tax-assessors who testified swore that they had before them a "return," and that they promised G. O. Shackelford to consider his "return" after dinner the day he appeared before them, and that they raised "the return" not only on their own account, but 5 per cent. more, upon order of H. J. Fullbright, State tax-commissioner. With this undisputed evidence in the case, we think the verdict directed by the judge can well be said to have been demanded by the evidence.

　　　　*Judgment affirmed. All the Justices concur, except*

ATKINSON and HINES, JJ., dissenting. Whether the court erred in directing the verdict depends on whether the evidence demanded a finding that a "return" for taxation had been made by the property owners. No written return was introduced in evidence, and the testimony on this subject was opinion evidence and equivocal, and did not demand a finding that a "return" for taxation had been made.