LINDER, administratrix, *v.* WATSON, sheriff, *et al.*

1. Where a board of county tax-assessors makes changes or corrections in tax returns under section 1116 (k) of Park's Civil Code, relating to the duties of such boards, it is the duty of the board to give notice to the taxpayer of the change, either personally or by leaving same at his residence or place of business; and service by sending the notice through the mails is not compliance with the statute, except in case of non-residents of the county where the returns are made.

2. And where notice is not given in accordance with the provisions of the statute as here construed, a taxpayer whose returns are so changed by a board of county tax-assessors as to increase the valuation of the property will, after tendering the amount of tax due upon the valuation of his property fixed in his returns duly made, be entitled to the equitable relief of injunction against the enforcement of the tax assessed upon the increase of the valuation beyond that made in the returns.

3. The court erred in refusing the interlocutory injunction.

No. 2198. APRIL 16, 1921.

Petition for injunction. Before Judge Kent. Laurens superior court. July 30, 1920.

*Larsen & Crockett,* for plaintiff.

*M. H. Blackshear,* for defendants.

BECK, P. J. Mrs. B. B. Linder as administratrix of the estate of B. B. Linder, deceased, filed her petition, praying that the tax-collector and the sheriff of Laurens County be enjoined and restrained from enforcing a tax fi. fa. She alleged, that she made a valid return of the property of her intestate at a just and fair valuation; that the board of tax-equalizers for the county, being dissatisfied with the return so made, raised the same from $6,200 to $12,500; that she tendered the amount of taxes due upon the property, at the valuation placed upon it by her in her returns; that the action of the board of tax-equalizers in raising the valuation of the property was unlawful and unauthorized, as they failed to give her the notice required under the statute embodied in section 1116 (k) of Park's Code, relating to notice to be given by the board to taxpayers of changes made in returns of property for taxation; and therefore that the tax execution as issued, based upon the valuation of the property fixed by the board, was illegal, invalid, and unenforceable. The court hearing the case refused the injunction, and the petitioner excepted.

Under our law relating to the board of tax-assessors and their duties, it is provided that it shall be the duty of the board of county tax-assessors to see that all taxable property in the county is assessed and returned at its just and fair valuation; and that where a property owner has returned any of his property at less than a just valuation, the board shall correct the returns and shall assess and fix a just and fair valuation, and shall make a note thereof and attach the same to such returns; and that when corrections and changes have been made by the board, it is the duty of

the board to immediately give notice to the taxpayer of the changes made in his returns, " either personally or by leaving same at his residence or place of business, or, in case of non-residents of the county, by sending said notice through the United States mails to his last known place of address." Park's Code, § 1116 (k). In the present case it appears that notice of the change in the tax returns of the complainant, who resided in the county where the property is located and was returned for taxation, was sent through the United States mail and received by the taxpayer. But the plaintiff insists that this was not the personal service required by the statute, and therefore that she had not been given the opportunity of contesting the validity of the change made in the valuation of her property, under the provision for arbitration where a taxpayer is dissatisfied, as provided in § 1116 (1) of said Code.

The statute controlling in a case like the one presented in this record contemplates that the notice of a change made by the board of tax-equalizers shall be served personally, upon the taxpayer, or by leaving same either at his place of residence or his place of business; only in case of a non-resident taxpayer is service by sending notice through the United States mails allowed. The fact that the taxpayer who is dissatisfied with the change in the valuation of his property received the notice sent through the mail does not cure the failure to serve the notice as provided by the statute. A statute providing for notice, in a case like the present one, where for failure of service a man may be deprived of his property, must be strictly construed. *D'Antignac* v. *Augusta,* 31 *Ga.* 700. One of the questions decided in the *D'Antignac* case was whether a provision in an ordinance of the City of Augusta, making it the duty of the collector and treasurer to give notice in one or more of the gazettes of the city, and to call at least once at the house of each person taxed to demand the taxes, and, unless such taxes were paid within three months from the date of said notice, it should be his duty to make a return of the defaulter to the city council, and providing that thereupon execution should issue against the property of such defaulter for the amount of his taxes, was a prerequisite to the validity of a tax execution issued against an alleged defaulter; and it was held that it was, and that the ordinance should have been strictly construed. The ruling made in that case has been followed. See *Lewis* v. *Chapman,* 147 *Ga.* 408 (94 S. E. 249). *Judgment reversed. All the Justices concur.*