RICHARDS, sheriff, *et al. v.* ZENTNER.

*M. J. Head,* for plaintiffs in error.   *H. J. McBride,* contra.

BECK, P. J.   This case arose from the levy of seven tax fi. fas. issued by the tax-collector of Haralson County against L. C. Waldrop and Mary Zentner as executors of the last will and testament of F. D. Metcalf, deceased.   These executions were issued for taxes claimed to be due from the estate of the said Metcalf for the years 1923 to 1929, inclusive.   Mary Zentner as executrix filed her petition to enjoin G. B. Richards, sheriff, and M. N. Mize, tax-collector, from enforcing these tax fi. fas. by selling the property which the sheriff had levied upon.   The defendants filed an answer and demurrers.   The court overruled the demurrers, and after hearing evidence granted an interlocutory injunction.   To this judgment the sheriff and tax-collector excepted.

■   It is alleged that F. D. Metcalf, as a part of whose estate the property in question here was levied upon, died on May 3, 1929, leaving a will which had been duly probated in solemn form; that Mary Zentner was an executrix and a legatee under the will; that Metcalf had regularly returned all his taxable property within the County of Haralson for taxation for the seven years for which the tax executions were issued, and had paid all taxes due or required of him for said years; that M. J. Head had been employed, on July 30, 1930, by the board of tax-assessors to seek out all unreturned property in Haralson County and bring it to the attention of the board, both for the year 1930 and for the years prior thereto; that, acting under the contract of employment by the board of tax-assessors, Head arbitrarily prepared and submitted to the board a statement increasing the amount of the taxable value of the property of F. D. Metcalf theretofore returned by him for taxation to the tax-receiver of Haralson County to the sum of $34,877 for each of the years for which the tax executions were issued, and for the year 1930 increasing the executors' returns to $18,985.   Petitioner alleges that she "is not informed as to whether the board assumed to increase the value of the property returned by the said Metcalf

for taxation by the State and county to the tax-receiver of said county for said several years 1923 to 1929, inclusive, or not. However, she alleges that no additional property to that already returned by said Metcalf and entered on the tax-digest of said county has been entered on said tax-digest, nor has there been, prior to the issuance of said executions, any new or additional assessment of the value of property returned for said several years by the said Metcalf entered on the tax-digest of said county, nor any further assessment whatever against the said Metcalf or his estate, other than the assessment of value already on the tax-digest on the basis of which he paid his taxes for said several years entered on said tax-digest; that the said M. J. Head, further assuming to act under said contract of employment with the board of tax-assessors as agent of said board to discover unreturned property, proceeded, on the basis of the increased valuation of the property of the said Fred D. Metcalf returned for taxation for the years 1923 to 1929, inclusive, to prepare the tax executions for allegedly unpaid State and county taxes for said years against the said L. C. Waldrop and Mary Zentner as executors of the estate of Fred D. Metcalf, heretofore specified, and on said 30th day of October, 1931, or about this date, had the said M. N. Mize, tax-collector of said county, to sign the same, and placed the same in the hands of said G. B. Richards, sheriff of said county, for levy on petitioner's property; that in making said assessments, on the basis of which said tax executions for the years 1923 to 1929, inclusive, purport to have been issued, said board of tax appraisers, if it assumed to make any such assessments, gave no notice of the same to petitioner, or to the said L. C. Waldrop and Mary Zentner as executors of the will of F. D. Metcalf, nor did petitioner or such executors as such have any notice of such increased valuation or assessment for said several years, or opportunity to be heard thereon as to the right to make such increased valuations, the fairness and justice of such increased valuations, or the taxability of the property proposed to be taxed." Petitioner alleges that for the reasons set forth the executions were all issued without authority of law, and that the board was without authority of law, either acting as such board or through an agent to discover unreturned property, to raise the valuation of property returned in previous years, or to assess property for said previous years, whether the same had been returned or not; that a considera-

ble part of the sums for which the tax fi. fas. were issued was for school taxes, and that F. D. Metcalf resided in the City of Tallapoosa, and all of his property was in that city during those years, and that the City of Tallapoosa was an independent school district. The increase in the amount of the valuation of property returned for the year 1930 by the executors named in the will of Metcalf was made by the board of tax-assessors without notice to the executors, as required by law; and because of this fact the action of the board in raising said valuation and making said additional assessment thereon was illegal.

There were other allegations of reasons why the levy was illegal, which we do not deem it necessary to take up and discuss. There was evidence to support the allegations set forth above. The issues made by the allegations and the answer thereto which are not specially mentioned may be decided on the final trial; but inasmuch as the court was authorized to find the allegations the substance of which is set forth above to be true, there was no error in granting the interlocutory injunction. There was no authority in law for raising the value of the property returned by Metcalf without notice to him, or for raising the value of the property belonging to his estate without notice to his executors and an opportunity to be heard. Even if the board, either acting as such or through its agent, had authority to raise the value of property returned in previous years, or to assess property for such previous years, whether the same had been returned or not, the owner of the property should have had notice and should have been given an opportunity to contest the values placed on the property by the board or its agent or other county authorities. The Code, § 1116(k), thus defines the duties of the board of county tax-assessors: "The said board of county tax-assessors in each county shall meet each year within ten days from the date of the closing of the tax returns for the current year, to receive and inspect the tax returns to be laid before them by the tax-receiver as hereinbefore provided. It shall be the duty of said board to examine all the returns of both real and personal property of each taxpayer; and if in the opinion of the board any taxpayer has omitted from his returns any property that should be returned or has failed to return any of his property at a just and fair valuation, the said board shall correct such returns and shall assess and fix the just and fair valuation to be

placed on said property, and shall make a note thereof and attach the same to such returns. It shall be the duty of said board to see that all taxable property within the county is assessed and returned at its just and fair valuation, and that valuations as between the individual taxpayers are fairly and justly equalized, so that each taxpayer shall pay, as near as may be, only his proportionate share of taxes. When any such corrections, changes, and equalizations shall have been made by said board, it shall be the duty of the board to immediately give notice to any taxpayer of any changes made in his returns, either personally or by leaving same at his residence or place of business, or, in case of non-residents of the county, by sending said notice through the United States mails to his last known place of address." Notice to the taxpayer is contemplated by this section of the assessment of property at a higher valuation than that placed upon it by the taxpayer when he made his return. This is clearly the rule as to the raising of the valuation of property for the year in which the returns are made; and for stronger reasons it would seem to be applicable to the raising of returns of property made by a taxpayer for preceding years. See, in this connection, *Linder* v. *Watson,* 151 *Ga.* 455 (107 S. E. 62), where this court said: "Under our law relating to the board of tax-assessors and their duties, it is provided that it shall be the duty of the board of county tax-assessors to see that all taxable property in the county is assessed and returned at its just and fair valuation; and that where a property owner has returned any of his property at less than a just valuation, the board shall correct the returns and shall assess and fix a just and fair valuation, and shall make a note thereof and attach the same to such returns; and that when corrections and changes have been made by the board, it is the duty of the board to immediately give notice to the taxpayer of the changes made in his returns, 'either personally or by leaving same at his residence or place of business, or, in case of non-residents of the county, by sending said notice through the United States mails to his last known place of address.' Park's Code, § 1116(k)." See also *Smith* v. *Shackelford,* 163 *Ga.* 835, 838 (137 S. E. 255).

In each one of these tax fi. fas. there was included a school tax. This school tax could not be enforced against the estate of Metcalf, because the City of Tallapoosa, where Metcalf was domi-

ciled and where all of his property was situated, was an independent school district. Paragraph 1 of section 4 of article 8 of the constitution of this State, as amended by the amendment ratified November 2, 1920 (Ga. L. 1919, p. 66), reads in part as follows: "The proper county authorities whose duty it is to levy taxes for county purposes in this State shall, on the recommendation of the board of education, assess and collect taxes for the support of public schools under its control, not less than one nor more than five mills on the dollar of all taxable property of the county outside of independent school systems." In the case of *Almand* v. *Board of Education*, 161 *Ga.* 911 (131 S. E. 897), this court said: "Under the plain meaning of the foregoing provision in the constitution [just quoted], the taxes therein provided for can only be levied upon 'all taxable property of the county outside of independent local systems' for the support of county schools under the control of county boards of education. *Smith* v. *Board of Education of Washington County*, 153 *Ga.* 758 (113 S. E. 147) ; *Glenn* v. *Trion Co.*, 157 *Ga.* 639 (122 S. E. 52) ; *Warthen* v. *English*, 158 *Ga.* 210 (123 S. E. 137)." *Judgment affirmed. All the Justices concur.*