22536. METCALFE et al. v. CITY OF DECATUR.

Submitted June 9, 1964—Decided July 9, 1964.

■

David H. Ansley, for plaintiffs in error.

B. Hugh Burgess, Eugene Cook, Attorney General, contra.

DUCKWORTH, Chief Justice. Since counsel has expressly abandoned the constitutional attacks upon the charter because it fails to require notice, thus denying due process, we render no decision thereon but only consider the merits of the remaining allegations of the petition.

While there has been some statutory authority for the filing of cases in equity, Code §§ 92-6704, 92-6803, 92-6807; Hardin v. Reynolds, 189 Ga. 534 (6 SE2d 328), to dispute the taxability of property, nevertheless, if the charter provision, Ga. L. 1909, pp. 757, 775-776, for assessment of this property by the city has been complied with, the decision on appeal from the assessors' valuation is final as ruled in City Council of Augusta v. Pearce, 79 Ga. 98 (4 SE 104). See also Bower v. Mayor &c. of Bainbridge, 116 Ga. 794 (43 SE 67); Shippen Lumber Co. v. Elliott, 134 Ga. 699, 703 (68 SE 509); Richards v. Zentner, 176 Ga. 222 (167 SE 516); Swinson v. City of Dublin, 178 Ga. 323 (173 SE 93); James v. Florida Realty &c. Corp., 208 Ga. 652 (68 SE2d 601). But equity is always given jurisdiction to review such matters where there is unquestioned violation of the law, and this includes the law, Code §§ 92-5701, 92-5702, making "fair market value," the value to be assessed, and the Constitution (Code Ann. § 2-102; Const. of 1945) requiring equal protection. Thus, if the valuation is shown to be grossly above the "fair market value" so as to violate the law or discriminatory as between other taxpayers, courts may review in order to uphold the law.

This reduces the voluminous allegations of the amended petition to two attacks upon the valuations as being (1) grossly in excess of market value; and (2) discriminatory as between taxpayers of the same class, that is, other residential property owners. These conclusions amount to no more than the facts upon which they are based. Lee v. City of Atlanta, 197 Ga. 518, 520 (29 SE2d 774); Whitfield v. Whitfield, 204 Ga. 64 (48 SE2d 852); Dumas v. Burleigh, 209 Ga. 241, 243 (71 SE2d 545).

As to the alleged facts that the assessors have (1) considered residence property as business property without alleging that either carried a higher valuation, and (2), the valuation was

based upon a per foot frontage, which again failed to allege that this caused excessive valuation or how it affected the value, and finally (3), the value of the buildings was not taken into consideration, which could only indicate an undervaluation; the mere recital of these sole bases for the conclusions that the property was overvalued show a total absence of any violation of the law requiring market value, and hence the demurrers were correctly sustained in so far as this feature of the case is concerned.

The other basis of the suit, which is alleged discrimination, is based upon these factual allegations: (1) Other residential properties were treated as residential instead of business. Here again no allegations show or indicate what if any difference it made whether the property was treated as business or residential. (2) Household goods of others were taxed while such properties of petitioners were not. This shows only discrimination in favor of and not against these petitioners. Hence they were not hurt and have no right to complain. Thus is demonstrated that no proper allegations of discrimination are made, and this portion of the amended petition must fall before the demurrer.

Since no cause of action was alleged, it was not error to sustain the demurrers.

*Judgment affirmed. All the Justices concur.*