25291.   GILMORE, Executor, et al. v. CURRY, Sheriff, et al.

ARGUED JULY 14, 1969—DECIDED SEPTEMBER 8, 1969.

*Gignilliat & Abbott, Laurie K. Abbott, Ruth C. Burns,* for appellants.

*Thomas A. Hutcheson, D. E. McMaster,* for appellees.

ALMAND, Chief Justice. Thomas W. Gilmore, Jr., individually and on behalf of the estate of Mrs. Winifred R. Gilmore, and the partnership of Gilmore Bros., residents and taxpayers of Washington County, brought his petition against J. Euree Curry, Sheriff of Washington County, the Tax Commissioner and the Tax Assessors of Washington County, seeking (a) to declare all assessments and valuations placed on the personal properties of the plaintiffs in the 1967 tax return null and void; (b) to restrain and enjoin the defendants from assessing or collecting any further taxes upon the increased valuation; and (c) to enjoin the defendant sheriff from proceeding with the sale of the plaintiff's property by virtue of a levy of the tax execution for 1967 taxes.

A temporary restraining order was granted, and on the hearing of the prayer for an interlocutory injunction, the court dissolved the temporary restraining order and denied the interlocutory injunction. It was provided, however, that upon the posting of a cash or security bond in the amount of $7,000, the defendants would be enjoined from making any further levy for the collection of the 1967 taxes. This supersedeas order was complied with by the plaintiffs.

Error is enumerated on the order dismissing the temporary injunction and on the refusal to grant, unconditionally, an interlocutory injunction.

The following is a summary of the evidence introduced by the parties on the hearing of the plaintiff's complaint. On April 1, 1967, Gilmore Bros. made their return of real and personal property for the year 1967. The tax assessors requested additional information from the taxpayers, and on or about June 1, Dr. Thomas W. Gilmore, a partner in Gilmore Bros., met with the board of tax assessors. He left them with an inventory of the physical farm equipment and machinery owned by Gilmore Bros. with the original cost figures.

The board of tax assessors, in the first part of June, 1967, raised the valuation of the Gilmore Bros. tax return on personal property from $17,440 to $153,287. No notice of this raise in the assessed value was given to Gilmore Bros. within the period of five days from the date of the revaluation. On October 14,

1967, Gilmore Bros. received through the mail the following: "Dear Sir: This is to notify you of the taxable value (40%) of actual value of your personal property as appraised by Local Tax Board Service in compliance with instructions issued by State Revenue Commissioner: Taxable value of personal property—$153,287; Taxable value of Real Estate_____. You are hereby given notice to appear before this Board from Oct. 14, 1967 to Oct. 24, 1967 should you desire to be heard regarding same. Please bring this notice with you or mail with your answer, if any. Yours truly, County Board of Tax Assessors."

A tax fi. fa. was issued against Gilmore Bros. for the amount of $6,082.58, their property levied upon, and advertised for sale. Gilmore tendered to the tax commissioner and the sheriff the taxes admitted to be due. The tender was refused, and the sum admitted to be due was paid into the registry of the court.

Two questions are here for answer: First, did the. evidence demand a finding that the action of the tax assessors was without legal effect and void? Second, did the plaintiffs waive their right to notice of future changes in valuation.

■ The appellees have filed a motion to dismiss the appeal on the ground that the appellant, having given a bond in order to keep the restraining order in effect, has rendered the questions presented by the enumerations of error moot.

The giving of bond simply operates to supersede the order dissolving the restraining order and denying an interlocutory injunction in order to hold the case in status quo pending a review in this court. The motion to dismiss is denied.

■ *Code* § 92-6911, as amended by the Act of 1937 (Ga. L. 1937, pp. 517, 519), provides that after a taxpayer has made his tax return, the board of tax assessors shall inspect the returns, and if, in their opinion, any taxpayer has failed to return any of his property at a just and fair valuation, the board shall correct such return and shall assess and fix the just and fair valuation to be placed on the property, and shall make a note thereof, and attach the same to the returns and, "When any such corrections, changes or equalizations shall have been made by the board, the board *shall, within a period of five days,* give notice to any taxpayer of any changes made in his returns,

either personally or by leaving same at his residence or place of business or by sending said notice through the United States mails to his last known place of address." (Emphasis supplied.)

The appellant taxpayer contends that the provisions of this Code section requiring the giving of notice of a change in valuation by the board of tax assessors were not complied with.

In construing *Code Ann.* § 92-6911, this court in *Linder v. Watson*, 151 Ga. 455, 457 (107 SE 62) held: "The statute . . . contemplates that the notice of a change made by the board of tax equalizers shall be served personally upon the taxpayer, or by leaving the same either at his place of residence or his place of business; only in case of a nonresident taxpayer is service by sending notice through the United States mails allowed. . . A statute providing for notice, in a case like the present one, where for failure of service a man may be deprived of his property, must be strictly construed."

In *Richards v. Zentner*, 176 Ga. 222 (167 SE 516), this court held that where a taxpayer returns his property, and an assessment and a higher valuation is made by the assessors for those years, he should be given due notice thereof and have an opportunity to be heard thereon. If he has not been given such a notice, the enforcement of a tax fi. fa. based upon the increased valuation may be enjoined by a court of equity.

The record, without dispute, shows that no notice of the increased valuation was given the taxpayer within five days after the change was made. The notice sent to the taxpayer on October 14 did not comply with *Code Ann.* § 92-6911. This notified the taxpayer that the taxable value of his personal property was $153,287. It did not, however, give any notice as to any correction or change having been made in the taxpayer's return of the two classes of personal property, or for what year the valuation was fixed.

The evidence demanded a finding that the tax fi. fa. based upon the increased valuation of the taxpayer's personal property was proceeding illegally.

■ The appellee contends that because Dr. Gilmore appeared before the board and submitted an itemized list of various items of personal property, with the date of acquisition and cost, he,

in effect, amended his return and waived his right to any further notice of any change in the tax returns.

The evidence in the hearing did not authorize a finding that the taxpayer had waived his right to a written notice of the changes made in his tax return. At the board's request, Dr. Gilmore gave an itemized list of personal property owned by the partnership which showed the year of purchase and purchase price. The figures as given did not represent the present or current value of the various items. The fact that he left this itemized list with the board for their use in determining the fair market value of the various items is not sufficient to show that the taxpayer amended his return, or intended to waive his right to notice of the changes in the return.

The court erred in denying the appellant's prayers for an interlocutory injunction.

*Judgment reversed. All the Justices concur.*