A98A1190. CHAMBERS OF GEORGIA, INC. v. DEPARTMENT OF NATURAL RESOURCES et al.
(502 SE2d 553)

JOHNSON, Judge.

Chambers of Georgia, Inc. appeals from the order granting summary judgment to the Environmental Protection Division (EPD) of the Georgia Department of Natural Resources and to EPD Director Harold F. Reheis, individually and in his official capacity.

Chambers filed an application for a solid waste handling permit and a request for site suitability for a municipal solid waste landfill. Reheis denied the application, stating that OCGA § 12-8-25.4 prevented issuance of the permit for proposed landfill expansion, because the site would encompass a circular area having a two-mile radius and already containing all or portions of three or more landfills. Chambers did not exhaust its administrative remedies regarding this decision. Instead, approximately 14 months later, Chambers filed a petition for declaratory judgment and injunctive or other relief against EPD and Reheis. Chambers alleges it was harmed by the

denial of its application and request. The petition averred that OCGA § 12-8-25.4 was unconstitutional both facially and as applied, and sought an order declaring the statute unconstitutional and enjoining enforcement of the statute as to Chambers' planned modifications and expansions of the landfill.

In response, EPD and Reheis contended that Chambers failed to exhaust its administrative remedies, declaratory judgment and injunctive relief were inappropriate, and they were entitled to judgment as a matter of law. Chambers contended that further administrative review was unnecessary and futile because Reheis was required to deny the application in accordance with the provisions of OCGA § 12-8-25.4. Chambers also requested that the trial court enlarge the time for its response to EPD's summary judgment motion as discovery was still outstanding.

The Administrative Procedure Act and OCGA § 12-2-2 (c) are the exclusive remedies for hearings and reviews of actions of the Director of EPD taken pursuant to the authority of the Georgia Comprehensive Solid Waste Management Act, OCGA § 12-8-20 et seq. See *Nix v. Long &c., Inc.*, 262 Ga. 506 (1) (422 SE2d 195) (1992); *City of Arcade v. Emmons*, 228 Ga. App. 879, 885 (3) (494 SE2d 186) (1997).

The first issue before us is whether declaratory judgment is an available legal remedy under the attendant facts. We conclude that it is not. Chambers elected not to timely petition for a hearing before an administrative law judge after its application was denied. Although the constitutionality of the statute could not be adjudicated during an administrative hearing, this proceeding would provide the proper forum for raising the constitutional objection at the earliest opportunity, keeping the actual controversy pending, and ultimately providing an avenue for judicial review of the constitutional issue. "A superior court reviewing the decision of an administrative agency may decide a constitutional challenge to the agency's rules raised during the administrative process. [Cit.]" *State Health Planning Agency v. Coastal Empire Rehabilitation Hosp.*, 261 Ga. 832 (412 SE2d 532) (1992).

However, in this case, the action became final without Chambers raising and preserving the constitutional issue. By electing not to exhaust administrative remedies, Chambers was no longer entitled to petition either for an administrative hearing or for judicial review. See generally OCGA §§ 12-2-2 (c) (2) & (3); 50-13-19 (b). Without filing a new application, Chambers filed a petition for declaratory judgment contending that OCGA § 12-8-25.4 is unconstitutional on its face and as applied, and seeking to have the statute declared null and void. At the time the petition was filed, however, no *pending* case or controversy existed. The original application proceeding concluded adversely to Chambers, after it elected not to timely pursue the

administrative remedies which would have kept the actual controversy alive. A new case or controversy is not currently pending because Chambers then elected to seek declaratory judgment rather than initiate a new application.

OCGA § 9-4-2 (a) provides for declaratory judgments in cases of actual controversy. *Cramer v. Spalding County*, 261 Ga. 570, 572 (2) (409 SE2d 30) (1991). "[A] court may not declare the rights of parties when there is no actual or justiciable controversy; it has no province to determine whether or not a statute, in the abstract, is valid." (Citations omitted.) *Fourth Street Baptist Church &c. v. Bd. of Registrars*, 253 Ga. 368, 369 (1) (320 SE2d 543) (1984). Actual controversy means a justiciable controversy where there are interested parties asserting adverse claims on an accrued set of facts. *Cramer*, supra. "Absent an actual controversy involving palpable insecurity, a court is without power to act by way of declaratory judgment." Id.; compare *Sentry Ins. v. Majeed*, 194 Ga. App. 276, 278 (2) (390 SE2d 269), aff'd, 260 Ga. 203 (391 SE2d 649) (1990) (declaratory judgment cannot be maintained where there is no specific case or controversy pending).

Additionally, the rights of the parties have accrued and the positions of the parties regarding the constitutionality and applicability of OCGA § 12-8-25.4 are firmly established. Thus contrary to its contention, Chambers is not walking in the dark as to what future position to take. See generally *Fourth Street Baptist*, supra at 369 (1). Declaratory judgment will not be entertained where the rights of the parties have accrued and the plaintiff faces no risk of taking future undirected action. *State Health*, supra at 832-833; *George v. Dept. of Natural Resources*, 250 Ga. 491, 492 (299 SE2d 556) (1983).

Chambers, in effect, asks this Court to rule in the abstract as to issues it anticipates will arise should it file a new application. In the absence of a case or actual controversy currently pending and because Chambers' position as to the constitutionality of the statute is already fixed, what Chambers seeks is our advisory opinion so it can test the strength of EPD's anticipated future defenses. "Not even in a declaratory judgment action is the court permitted to render an advisory opinion. [Cit.]" *McDowell v. Judges Ex Officio*, 235 Ga. 364, 365 (219 SE2d 713) (1975).

We need not decide whether Chambers was required, pursuant to *George*, supra, to exhaust its administrative remedies under the Solid Waste Management Act and Administrative Procedure Act or to expand the time for response to summary judgment until discovery was complete. The trial court did not err in granting summary judgment as declaratory judgment was not here appropriate. See generally *Edwards v. Davis*, 160 Ga. App. 122, 123 (2) (286 SE2d 301) (1981). A grant of summary judgment must be affirmed if it is right for any reason. *Newsome v. Dept. of Human Resources*, 199 Ga.

App. 419, 423 (3) (405 SE2d 61) (1991).
   *Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MAY 21, 1998.

*Wilson, Brock & Irby, Richard W. Wilson, Jr., James S. Teague, Jr., Gerald S. Walters*, for appellant.
   *Thurbert E. Baker, Attorney General, Brenda H. Cole, Deputy Attorney General, Robert S. Bomar, Senior Assistant Attorney General, Diane L. Deshazo, Timothy J. Ritzka, Assistant Attorneys General*, for appellees.