## A99A2418. DILLARD et al. v. DENSON et al.
### (533 SE2d 101)

PHIPPS, Judge.

Appellants Howard Dillard and Pace Burt, Inc. jointly own an apartment complex in Athens known as The Pace's at Woodlake. In 1996, while construction of the apartments was in the early stages, the Clarke County Board of Tax Assessors valued the property at $917,000 for ad valorem tax purposes. In 1997, when construction was nearly complete, the Board increased the valuation to $5,759,400. Dillard and Pace Burt, Inc. filed an appeal of the reassessment with the Board, but the Board rejected it as untimely. Then they filed suit against Tax Commissioner Nancy Denson and the members of the Board, seeking a writ of mandamus requiring the Board to accept their appeal and a declaratory judgment on the legality and correctness of the reassessment and the legality of a tax penalty imposed upon them. The trial court granted summary judgment to Denson and the Board. Dillard and Pace Burt, Inc. appeal, asserting the trial court erred by finding they were not entitled to an appeal with the Board and by not making the substantive findings they sought against the reassessment and penalty.

We find the trial court correctly determined as matters of law that Dillard and Pace Burt, Inc. were barred from an appeal through the Board and that it could not consider the merits of their claims against the reassessment and the penalty. Therefore, we affirm the trial court's grant of summary judgment to the tax commissioner and the members of the Board.

When a county board of tax assessors reassesses the value of property for ad valorem tax purposes, it must provide notice of the reassessment to the taxpayer.[1] The notice must inform the taxpayer

---

[1] OCGA § 48-5-306.

of the procedure for initiating an appeal and the time period for doing so.[2]

The Clarke County Board of Tax Assessors hired Datamax, Inc. to print and mail reassessment notices for the 1997 tax year. Datamax's procedure was to print two sets of each notice. It mailed one copy to the taxpayer and one to the Board's office. The Board's office kept its copy as record of the mailing. The Board's office received and retained a copy of the 1997 reassessment notice for The Pace's at Woodlake property.

The notice was mailed on April 25, 1997, to Pace Burt, Inc. at 249 Pine Avenue, Albany, Georgia. It specified that any notice of appeal must be filed within 45 days from the date of mailing to initiate an appeal.

249 Pine Avenue was the location of the Burt Group office. Pace Burt, Jr., one of the owners of Pace Burt, Inc., came in every day to get his mail, though he was generally away from the office operating a construction business. Other businesses shared the office.

Appraisers with the Clarke County Board of Tax Assessors routinely reassess property after a building permit application is submitted. The building permit application for The Pace's at Woodlake listed Pace Burt, Jr. as the owner and 249 Pine Avenue as his address. After the 1996 reassessment, Pace Burt, Inc. received several pieces of correspondence from the Clarke County taxing authorities at the 249 Pine Avenue address. An agent for Pace Burt, Inc. also listed 249 Pine Avenue as the contact mailing address in a letter to the Board challenging the 1996 reassessment. The record does not show that any subsequent change of address information was submitted to the Board.

Pace Burt, Jr. swore in an affidavit that he never received the 1997 reassessment notice. The Burt Group secretary also gave an affidavit swearing that the notice was never received at the office.

On September 22, 1997, almost five months after the notice was mailed, Dillard and Pace Burt, Inc. filed a notice of appeal with the Board and requested a late appeal. The Board denied their request as untimely because it was not filed within 45 days after the notice was mailed, as required by statute. On October 16, 1997, Dillard and Pace Burt, Inc. filed suit against Tax Commissioner Denson and the members of the Board seeking a declaratory judgment and writ of mandamus.

On September 15, 1998, Denson and the Board filed a motion for summary judgment, asserting in part that the court lacked subject matter jurisdiction because Dillard and Pace Burt, Inc. had failed to

---

[2] OCGA §§ 48-5-306 (b); 48-5-311 (e) (2) (A).

pursue the statutory appeals process through the Board.

On May 20, 1999, the trial court granted the motion for summary judgment. The court ruled that Dillard and Pace Burt, Inc. were not entitled to declaratory relief or to a writ of mandamus because OCGA § 48-5-311 prescribes a time limit for filing appeals, the appeal was not filed within that period, and the Board was powerless to extend the period. The court further chose not to exercise equitable jurisdiction to hear Dillard and Pace Burt, Inc.'s claims related to the legality and correctness of the reassessment and the legality of an imposed penalty because those claims could have been addressed through the statutory appeals process.

Summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[3] When the movant has made these showings, "the respondent may not rest on [its] pleadings but must put forth evidence showing actual issues for trial. [Cit.]"[4]

The statutory appeals process provides a vehicle for addressing issues related to the valuation, taxability, uniformity and constitutionality of ad valorem taxation.[5] In rare circumstances, equitable jurisdiction may lie in the courts.[6] The trial court correctly determined that neither route was available to Dillard and Pace Burt, Inc. Therefore, as a matter of law, Tax Commissioner Denson and the members of the Board were entitled to summary judgment.

OCGA § 48-5-311 provides that a taxpayer may appeal ad valorem tax issues to the county board of tax assessors, the county board of equalization and ultimately to the superior court. To avail itself of that process, however, a taxpayer must file a notice of appeal with the county board of tax assessors within 45 days of the date the notice of reassessment was mailed to it.[7] Here, the record clearly supports the court's determination that notice of reassessment was properly mailed to Pace Burt, Inc. and that no notice of appeal was filed within 45 days of the date the reassessment notice was mailed.

Equity jurisdiction is predicated on the lack of an adequate remedy at law.[8] Based on the rationale that the statutory appeals process provides an adequate remedy at law, the Supreme Court of Georgia has promulgated an abstention doctrine for the exercise of equity

---

[3] OCGA § 9-11-56 (c).

[4] *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993).

[5] *City of Atlanta v. North by Northwest*, 262 Ga. 531, 535-536 (3) (422 SE2d 651) (1992).

[6] *Moreton Rolleston, Jr. Living Trust v. Glynn County Bd. of Tax Assessors*, 240 Ga. App. 405, 408, n. 1 (523 SE2d 600) (1995).

[7] OCGA § 48-5-311 (e) (2) (A).

[8] *Vann v. DeKalb County Bd. of Tax Assessors*, 186 Ga. App. 208, 210 (1) (367 SE2d 43) (1988).

jurisdiction in tax cases.[9]

Dillard and Pace Burt, Inc. assert that the grant of summary judgment to the tax commissioner and the members of the Board works a violation of their due process rights because the court found it undisputed that they did not receive the reassessment notice. While we agree that the result is harsh, we do not find a due process violation. The United States Supreme Court has described notice by ordinary mail as "a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable."[10] Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[11] Applying that standard, courts have found first-class mail sufficient to meet due process requirements despite contentions that the notices were never received.[12] We find here that first-class mailing of the 1997 reassessment notice to Pace Burt, Inc. at 249 Pine Avenue, Albany, Georgia, met the "minimum constitutional precondition" and was reasonably calculated to convey notice of the appeals process to Dillard and Pace Burt, Inc. and to give them an opportunity to present any objections.

Finding no error in the conclusions reached by the trial court, we affirm the award of summary judgment to Tax Commissioner Denson and the members of the Board.[13]

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 28, 2000 —
RECONSIDERATION DENIED APRIL 12, 2000.

*Burt & Burt, Hilliard P. Burt, Cook, Noell, Tolley, Bates &*

---

[9] See *Moreton Rolleston*, supra.

[10] (Emphasis omitted.) *Mennonite Bd. of Missions v. Adams*, 462 U. S. 791, 800 (103 SC 2706, 77 LE2d 180) (1983).

[11] *Mullane v. Central Hanover Bank &c. Co.*, 339 U. S. 306, 314 (70 SC 652, 94 LE 865) (1950); accord *Ford v. Ford*, 270 Ga. 314, 315 (509 SE2d 612) (1998).

[12] See *In re Eagle Bus Mfg.*, 62 F3d 730 (5th Cir. 1995); *Weigner v. City of New York*, 852 F2d 646 (2nd Cir. 1988); *Girrbach v. Levine*, 522 NYS2d 276 (N.Y. App. 1987).

[13] But see OCGA § 48-5-380 (taxpayer may file a claim for refund with the governing authority of the county or municipality within three years of the date of the payment of the tax and may bring a subsequent action in superior court if his claim is denied or if it is neither denied nor approved within a year of its filing); *Stoddard v. Bd. of Tax Assessors of Grady County*, 163 Ga. App. 499 (1) (295 SE2d 170) (1982) (taxpayer returned property at its fair market value, assessors changed the value, taxpayer appealed to the county board of equalization which reduced the assessed value but not to the level the taxpayer demanded and trial de novo ensued in superior court).

*Michael, Edward D. Tolley,* for appellants.
*Ellen W. Hight,* for appellees.