S01A0114, S01A0504. GLYNN COUNTY BOARD OF TAX ASSESSORS et al. v. HALLER et al.
(543 SE2d 699)

FLETCHER, Presiding Justice.

Property owners on St. Simons Island filed a class action against the county board of tax assessors alleging that spot reappraisals violated their constitutional right to equal protection under 42 U.S.C. § 1983. The trial court temporarily enjoined the board from applying the 2000 tax digest, except when the assessment was based on new construction or property improvements. We hold that the trial court erred in granting injunctive relief because the taxpayers have an adequate remedy at law under OCGA § 48-5-311.[1] Therefore, we reverse.

1. The board asserts that this Court has appellate jurisdiction over this tax case because it is an equity case. Whether an action is an equity case for the purpose of determining appellate jurisdiction depends on the issue raised on appeal, not on the relief sought.[2] Thus, an appeal is outside our jurisdiction when the primary issue to be resolved is legal and the grant of equitable relief is ancillary to the underlying issue of law.[3] In this tax appeal, the underlying issue is whether the statutory proceeding provides the taxpayers with an adequate legal remedy to challenge their property tax assessments. Since the grant of equitable relief is merely ancillary to the legal issue, this appeal is not an equity case within our appellate jurisdiction.[4] In the interest of judicial economy, however, we will resolve the legal issues raised on appeal.[5]

2. The board filed a direct appeal in this Court, asserting that the trial court issued an interlocutory injunction rather than a temporary restraining order. We have previously held that a party may appeal a temporary order if the trial court enters an injunction after a lengthy adversary hearing and grants the plaintiff all of the relief

---

[1] See *Chilivis v. Backus*, 236 Ga. 88, 89-90 (222 SE2d 371) (1976).

[2] *Beauchamp v. Knight*, 261 Ga. 608, 609 (409 SE2d 208) (1991).

[3] See *Redfearn v. Huntcliff Homes Ass'n*, 271 Ga. 745, 747-748 (524 SE2d 464) (1999).

[4] See, e.g., *Arnold v. Gwinnett County Bd. of Tax Assessors*, 207 Ga. App. 759 (429 SE2d 146) (1993); cf. *City of Atlanta v. North by Northwest Civic Ass'n*, 262 Ga. 531 (422 SE2d 651) (1992) (jurisdiction based on unsettled constitutional claim).

[5] See *Little v. City of Lawrenceville*, 272 Ga. 340 (528 SE2d 515) (2000); *Douglas v. Wages*, 271 Ga. 616, 617 & n. 2 (523 SE2d 330) (1999).

sought.[6] In this case, the trial court held an adversarial hearing in which all parties were represented by counsel; the taxpayers presented evidence and the board cross-examined witnesses; and counsel for both the taxpayers and the board made closing arguments. The trial court granted the taxpayers the relief that they sought, enjoining the board from using the proposed 2000 tax digest and ordering it to apply the 1999 assessed value with limited exceptions. Based on the nature of the proceedings and relief granted, we conclude that the trial court's order was equivalent to an interlocutory injunction, and, therefore, the board had a right of direct appeal.

3. The United States Supreme Court has held that state courts may not award either declaratory or injunctive relief against state taxes under section 1983 when there is an adequate legal remedy.[7] Similarly, we have held that a superior court should not grant an injunction in a tax case when state law provides an adequate remedy at law.[8] OCGA § 48-5-311 provides a statutory appeals process for taxpayers to challenge a property tax assessment based on the issues of taxability, uniformity, and value.[9] Nothing in the statute prohibits taxpayers from challenging a board's method of conducting spot reassessments as lacking in uniformity, appealing an unfavorable ruling to the county board of equalization, and appealing the equalization board's ruling to the superior court, if necessary.[10] Because OCGA § 48-5-311 provides the Glynn County taxpayers with an adequate remedy at law, we hold that the trial court erred in granting them injunctive relief.

*Judgments reversed. All the Justices concur, except Carley, J., who concurs in Divisions 2, 3, and the judgment.*

DECIDED MARCH 2, 2001 —
RECONSIDERATION DENIED APRIL 5, 2001.

*Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Gregory T. Carter, Richard K. Strickland,* for appellant.
*Douglas W. Alexander, Eugene Highsmith,* for appellees.

---

[6] See *Dolinger v. Driver*, 269 Ga. 141, 142 (498 SE2d 252) (1998).

[7] See *National Private Truck Council v. Oklahoma Tax Comm'n*, 515 U. S. 582, 592 (115 SC 2351, 132 LE2d 509) (1995).

[8] See *Wilkes v. Redding*, 242 Ga. 78, 79-80 (247 SE2d 872) (1978).

[9] See subsections (e)-(g).

[10] See *North by Northwest*, 262 Ga. at 535; *Acree v. Walls*, 240 Ga. 778, 789-790 (243 SE2d 489) (1978); *Tax Assessors v. Chitwood*, 235 Ga. 147, 152 (218 SE2d 759) (1975).