## A03A0031. CHATHAM COUNTY BOARD OF ASSESSORS v. JEPSON et al.
### (584 SE2d 22)

JOHNSON, Presiding Judge.

Robert Jepson, Jr. and Alice Jepson filed this lawsuit seeking a writ of mandamus and, in the alternative, declaratory relief. They complained that when their property was reassessed, the Chatham County Board of Assessors failed to comply with OCGA § 48-5-306 (e) by failing to provide "a simple, nontechnical description of the basis for the new assessment." The trial court denied the Jepsons' request for a mandamus, but granted the Jepsons' motion for summary judgment on the issue of declaratory relief. The Chatham County Board of Assessors appeals, arguing (1) the Jepsons' complaint should have been dismissed because they failed to exhaust their administrative remedies, and (2) the trial court erred in finding that the Board of Assessors did not provide a simple, nontechnical description of the basis for the new assessment. Because the trial court should not have exercised its equitable jurisdiction when the Jepsons failed to exhaust their administrative remedies, we reverse the trial court's judgment.

1. The Chatham County Board of Assessors contends that the Jepsons' complaint should have been dismissed due to their failure to exhaust available administrative remedies.[1] We agree.

The issues of reassessment, including the validity of a reassessment, shall be raised within the statutory scheme for tax appeals by an appeal to the county board of equalization or arbitrators.[2] The superior court's jurisdiction to decide issues raised by tax appeals is limited to those cases which come through OCGA § 48-5-311 (g).[3] While the statute addressing appeals to the county board of equalization does not specifically address notice deformities, both this Court and the Supreme Court of Georgia have consistently held that the board of equalization is the appropriate forum for deciding not only questions of uniformity, valuation, and taxability, but also a tax-

---

[1] See OCGA § 48-5-311 (e).

[2] OCGA § 48-5-311 (e), (f); *Moreton Rolleston, Jr. Living Trust v. Glynn County Bd. of Tax Assessors*, 240 Ga. App. 405, 408 (2) (a) (523 SE2d 600) (1999).

[3] *Rolleston*, supra.

payer's questions addressing constitutional and procedural issues.[4] These cases establish that as a matter of public policy and judicial economy, tax questions should be resolved first at the local level through the appeal procedures created specifically for that purpose. Moreover, it is well established that an appeal before the board of equalization provides an adequate remedy at law for the determination of county taxpayers' questions, making unnecessary the exercise of the equitable powers of the superior court.[5]

While the principles argued by the dissent hold a certain allure and it is true that the system of appeals set up under the statutory framework can be somewhat burdensome, the legislature and Supreme Court precedents mandate that taxpayers must timely appeal questions such as the one presented here before the board of equalization. Even if the notice sent to the Jepsons failed to provide a nontechnical description of the basis for the new assessment, this failure did not render an effective appeal to the Board of Assessors impossible. The Jepsons could have appealed to the Board of Assessors and argued that the language failed to comply with the requirements of OCGA § 48-5-306, just as they argued in the present case. At that point, the Board of Assessors could have either accepted or rejected their argument, and the Jepsons would have exhausted their administrative remedies.

Moreover, it is clear from the record that the Jepsons' time for appeal to the Board of Assessors had expired before they filed the declaratory judgment action at issue.[6] Allowing them to avoid the statutory appeal requirements by filing a declaratory judgment action after their administrative appeal time had expired opens the door for many such actions in the future, a burden on judicial resources which the legislature had relieved in enacting the administrative appeal process for cases such as this one. In addition, adopting the procedure the dissent urges would allow the Jepsons to pursue an appeal, their rights to which they had clearly waived by allowing the time for an appeal to the Board of Assessors to expire.

The Jepsons must raise their tax issues, including the issue of whether they received valid notice, before the board of equalization and exhaust their administrative remedies by the statutorily provided appeal. The trial court should have dismissed this suit for failing to state a claim.[7]

---

[4] See *Wilkes v. Redding*, 242 Ga. 78, 79 (247 SE2d 872) (1978); *Dillard v. Denson*, 243 Ga. App. 458, 460 (533 SE2d 101) (2000); *Arnold v. Gwinnett County Bd. of Tax Assessors*, 207 Ga. App. 759 (429 SE2d 146) (1993).

[5] See *City of Atlanta v. North by Northwest Civic Assn.*, 262 Ga. 531, 535-536 (3) (422 SE2d 651) (1992); *Wilkes*, supra at 79; *Dillard*, supra.

[6] See OCGA § 48-5-311 (e).

[7] See *Wilkes*, supra at 80.

2. Based on our holding in Division 1, we need not address the Chatham County Board of Assessors' contention that the trial court erred in holding that the change of value notice was not accompanied by a simple, nontechnical description of the basis for the new assessment. We note that nothing in this opinion is intended to indicate this Court's views as to the merits of the Jepsons' claim.

*Judgment reversed. Smith, C. J., Blackburn, P. J., Ruffin, P. J., Eldridge and Phipps, JJ., concur. Mikell, J., dissents.*

MIKELL, Judge, dissenting.

I respectfully dissent, for three reasons. First, the notice sent to the Jepsons fell so far short of the new "nontechnical description" requirement of OCGA § 48-5-306 (e) that an effective appeal to the board of equalization ("BOE") was impossible. Second, a declaratory judgment action is not an equitable proceeding and is appropriate in some ad valorem tax disputes. And, third, although resolving tax questions at the local level through the appeal process created specifically for that purpose obviously is a commendable goal, it is unrealistic to pretend that the overworked BOEs, staffed by volunteer laypersons, without legal training, law clerks or law books, can decide constitutional and procedural issues, including the statutory application question raised by the Jepsons. Our Court, and the Supreme Court of Georgia, should reconsider those precedents[8] which now require the boards to decide issues far beyond their already heavy statutory mandate: uniformity, valuation, taxability, and homestead exemptions.[9]

1. OCGA § 48-5-306 (e) specifies that "[w]here . . . the value of the taxpayer's real property subject to taxation exceeds the returned value of such property by 15 percent or more, the notice required by this subsection shall be accompanied by a simple, nontechnical description of the basis for the new assessment." It is undisputed

---

[8] See, e.g., *Glynn County Bd. of Tax Assessors v. Haller*, 273 Ga. 649 (543 SE2d 699) (2001); *City of Atlanta v. North by Northwest Civic Assn.*, 262 Ga. 531, 535-536 (3) (422 SE2d 651) (1992); *Wilkes v. Redding*, 242 Ga. 78 (247 SE2d 872) (1978); *Tax Assessors of Gordon County v. Chitwood*, 235 Ga. 147 (218 SE2d 759) (1975).

[9] The challenges facing the BOE in counties with rapidly increasing land values are chronicled in a federal trial court decision *Amos v. Glynn County Bd. of Tax Assessors*, No. CV 201-091 (S.D. Ga. filed August 27, 2001) (Tax Injunction Act does not prevent injunctive relief because OCGA § 48-5-311 is not a "plain, speedy and effective" remedy). The *Amos* opinion is in the record at Appendix A to brief of plaintiffs on motion for summary judgment, dated December 23, 2001.

OCGA § 48-5-311 and the BOE are effective for appeals by individual taxpayers contesting valuation, taxability, and uniformity of their individual piece of real estate. They are ineffective for countywide issues because a favorable decision by the BOE or superior court has no res judicata effect on the appeals of other taxpayers. *Amos*, supra at 21, 25. See also *Garrett v. Bamford*, 538 F2d 63, 71 (3rd Cir. 1976) (where a state remedy requires repetitive suits, resort may be had to federal courts).

that the new valuation exceeded the returned value by more than 15 percent. The trial court found that the explanation given "use[d] terms of art and an abbreviation that is difficult to decipher, is vague and could be interpreted as redundant. . . ." In short, according to the trial court's judgment, the description provided by the Board of Assessors did not provide a "simple, nontechnical description of the basis for the new assessment."[10] The trial court properly framed relief by requiring the Assessors to provide the Jepsons with notices that comply with the statute and staying any collection of taxes based on the increased assessment until the taxpayers had an opportunity for a hearing before the BOE.

Because the notice here failed to comply with the statute, *Dillard v. Denson*,[11] cited by the majority in support of its conclusion that the Jepsons' complaint should have been dismissed because they failed to exhaust their administrative remedies, is distinguishable. The taxpayer in *Dillard* alleged that he never received the notice, although it was sent to him by first class mail to the address he had specified in his request for a building permit. However, the contents of the notice and the method by which it was sent precisely complied with the statute. Accordingly, we held in *Dillard* that the notice satisfied due process requirements. By contrast, in the case at bar, the taxpayers received a notice, but its contents failed to comply with the statute.

Nor does *Chilivis v. Backus*[12] warrant reversal of the trial court's judgment. Although *Chilivis* recited that the validity of notices should be litigated in the BOE, it went on to affirm the trial judge's ruling on the timeliness of the notices and to allow the sending of amended, correct notices.[13] This is precisely the relief which the trial judge specified in the case at bar. The Chatham Superior Court judgment does not allow the Jepsons to bypass the BOE, nor does it allow them to escape paying whatever taxes they owe. It merely requires the Assessors to provide an adequate, nontechnical notice so that the taxpayers have a fair chance to frame their appeal properly before the BOE.

The trial court's decision accords with the new statutory requirement and with due process of law.[14] "The fundamental idea of due

---

[10] The majority opinion does not address the first enumeration of error, which challenged this finding by the trial court, because it ruled that the complaint should have been dismissed on procedural grounds.

[11] 243 Ga. App. 458 (533 SE2d 101) (2000).

[12] 236 Ga. 88 (222 SE2d 371) (1976). The complaint in *Chilivis* apparently did not invoke the Declaratory Judgment Act.

[13] Id. at 90.

[14] See generally *Acree v. Walls*, 240 Ga. 778, 790 (243 SE2d 489) (1978) (rights of individual taxpayers are protected by notice and opportunity to be heard).

process is notice and an opportunity to be heard."[15] Both the Supreme Court of Georgia and the Supreme Court of the United States have repeatedly emphasized this principle. And, as explained in *Gilmore v. Curry*,[16] "[a] statute providing for notice, in a case like the present one, where for failure of service[,] a man may be deprived of his property, must be strictly construed."[17] In the case at bar, although the Jepsons received a notice that their assessment had been raised, the reasons given for the increase in their assessment were not written in "simple, nontechnical" language, as required by OCGA § 48-5-306 (e). Instead, the notice was worded in codes that necessitated explanation by the county's chief appraiser. Indeed, the Jepsons' expert witness, a real estate appraiser with 25 years of experience in dealing with ad valorem taxation assessments, testified that he had no idea what one of the reasons given, "Neighborhood CD," meant until the chief appraiser defined it at the hearing. How can a taxpayer adequately prepare for his hearing before the BOE when he does not know why his assessment was raised? As the learned trial judge explained, "[w]ithout a 'simple, nontechnical description of the basis for the new assessment,' a taxpayer is placed in the unenviable position of deciding whether to file an appeal which may turn out to be groundless or frivolous in order to simply receive an explanation for the increased assessment." This is precisely the kind of "uncertainty and insecurity" that the Declaratory Judgment Act is intended to ameliorate.[18]

2. OCGA § 9-4-2 (c) states that relief by declaratory judgment "shall be available, notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies."[19] Despite this language, our courts have often held that declar-

---

[15] *Nix v. Long Mountain Resources*, 262 Ga. 506, 509 (3) (422 SE2d 195) (1992), citing *Citizens & Contractors Bank v. Maddox*, 175 Ga. 779, 784-785 (166 SE 227) (1932). See also *Sniadach v. Family Finance Corp.*, 395 U. S. 337 (89 SC 1820, 23 LE2d 349) (1969); *Fuentes v. Shevin*, 407 U. S. 67 (92 SC 1983, 32 LE2d 556) (1972).

[16] 225 Ga. 483 (170 SE2d 31) (1969).

[17] (Punctuation omitted.) Id. at 486 (2), quoting *Linder v. Watson*, 151 Ga. 455, 457 (107 SE 62) (1921).

[18] OCGA § 9-4-1 et seq. ("Purpose and construction of chapter"). See generally, e.g., *Venable v. Dallas*, 212 Ga. 595 (94 SE2d 416) (1956) (declaratory judgment permits one who is walking in the dark to turn on a light to ascertain where he is and where he is going), citing Hitch, The Declaratory Judgment, 7 Ga. Bar J. 132 (1944).

[19] Subsection (c) was added by Ga. L. 1959, p. 236. Despite the addition, later decisions reaffirmed the rule in effect prior to 1959, which was that declaratory relief was allowed only when "necessary in order to relieve the plaintiffs from the risk of taking any future undirected action." *Pinkard v. Mendel*, 216 Ga. 487, 490 (2) (117 SE2d 336) (1960). See *George v. Dept. of Natural Resources*, 250 Ga. 491, 493 (299 SE2d 556) (1983) ("*Shippen v. Folsom*, [200 Ga. 58 (35 SE2d 915) (1945)], has been followed since the 1959 amendment to our declaratory judgment law."). But see *James B. Beam Distilling Co. v. State of Ga.*, 263 Ga. 609, 613 (5) (437 SE2d 782) (1993) (declaratory relief is available in a liquor tax dispute "even if the party has other . . . legal or equitable remedies").

atory relief is not available when a statute has given a party a means of review by an administrative agency.[20] These decisions are based on the sound reasoning that, if declaratory actions were allowed in these circumstances, "then all questions pending before administrative tribunals could be decided by the courts . . . and the beneficial purposes of administrative tribunals would be frustrated."[21] Additionally, many decisions recite that the equity jurisdiction of the superior courts is inappropriate in ad valorem tax disputes.[22] However, an action brought under the Declaratory Judgment Act is an action at law, even if it seeks a temporary restraining order.[23] Moreover, this Court has expressly approved the use of declaratory judgment actions in ad valorem tax disputes, explaining:

> An action for declaratory judgment is not a substitute for an appeal under OCGA § 48-5-311 (e), but such is appropriate in this case, not for the purpose of resolving reassessment issues that should come under OCGA § 48-5-311, but to "guide the parties and prevent uncertainty and insecurity with respect to the propriety of some future act or conduct in order not to jeopardize their interests," regarding statutory application and construction.[24]

In the instant case, declaratory relief is especially appropriate because both parties require guidance regarding the application of

---

[20] *George v. Dept. of Natural Resources*, supra, is the leading case. Accord *Chambers of Ga., Inc. v. Dept. of Natural Resources*, 232 Ga. App. 632 (502 SE2d 553) (1998). But see *Moss v. Central State Hosp.*, 255 Ga. 403 (339 SE2d 226) (1986) (declaratory judgment may be brought when the available administrative remedy exposes one to loss of livelihood). See also *Pinkard*, supra at 490 (2) (OCGA § 9-4-2 (c) does not allow declaratory relief when plaintiff runs no risk of taking future undirected action). But see *State Farm &c. Ins. Co. v. Mabry*, 274 Ga. 498, 501 (3) (556 SE2d 114) (2001) (declaratory relief allowed despite no risk of taking future undirected action).

[21] *George v. Dept. of Natural Resources*, supra at 493, citing *Bentley v. Chastain*, 242 Ga. 348 (249 SE2d 38) (1978).

[22] *Glynn County Bd. of Tax Assessors v. Haller*, supra; *City of Atlanta v. North by Northwest Civic Assn.*, supra; *Wilkes v. Redding*, supra at 79; *Tax Assessors of Gordon County v. Chitwood*, supra at 153-154; *Chilivis v. Backus*, supra at 90. In rare circumstances, equitable jurisdiction may lie. *Dillard v. Denson*, supra at 460, citing *Moreton Rolleston, Jr. Living Trust v. Glynn County Bd. of Tax Assessors*, 240 Ga. App. 405, 408, n. 1 (523 SE2d 600) (1999) ("*Rolleston II*").

[23] *Bond v. Ray*, 207 Ga. 559 (63 SE2d 399) (1951); *Milwaukee Mechanics' Ins. Co. v. Davis*, 204 Ga. 67 (48 SE2d 876) (1948); *Felton v. Chandler*, 201 Ga. 347 (39 SE2d 654) (1946); *Hobgood v. Black*, 144 Ga. App. 448, 450 (2) (241 SE2d 60) (1978) ("[even if it seeks] a temporary restraining order"); *Lumbermens Mut. Cas. Co. v. Moody*, 116 Ga. App. 2, 7 (3) (156 SE2d 117) (1967).

[24] *Rolleston II*, supra at 409 (2) (a). See also *Moreton Rolleston, Jr. Living Trust v. Glynn County Bd. of Tax Assessors*, 228 Ga. App. 371 (491 SE2d 812) (1997) ("*Rolleston I*") (physical precedent only).

OCGA § 48-5-306 (e).[25] The county's chief appraiser testified that despite repeated requests, the Department of Revenue had given the Assessors no directives on how to provide nontechnical explanations to the taxpayer. The Assessors then devised "reason codes" for assessment increases, but these obviously missed the mark. The Jepsons, in turn, complain that OCGA § 48-5-311 (e) requires a simple, nontechnical explanation, an explanation they did not receive. They are uncertain as to the reasons for the increased assessment and hence uncertain about their future actions in an appeal to the BOE. The defective notice might jeopardize their interests by precluding them from raising issues which an adequate notice might have revealed. The Jepsons do not seek review of reassessment issues (i.e., taxability, uniformity of assessment, value, or denial of household exemption), which the General Assembly has by statute expressly entrusted to the BOE. In sum, the Assessors and the taxpayers needed guidance, which the trial court properly dispensed when it ordered declaratory relief.[26]

Indeed, declaratory relief was deemed an appropriate remedy in *James B. Beam Distilling Co. v. State of Ga.*[27] notwithstanding the availability of an administrative remedy. In that case, our Supreme Court held that declaratory relief is available to a taxpayer "prior to payment of disputed taxes . . . even if the party has other . . . legal or equitable remedies."[28] The preference for abstention from declara-

---

[25] See OCGA § 9-4-2 (b). The Supreme Court held in *State Farm &c. Ins. Co. v. Mabry*, supra at 501 (3), that declaratory relief was proper under this subsection even though there were no circumstances necessitating the trial court's guidance as to the plaintiff's future acts and no uncertainty and insecurity. See also *Atlantic Wood Indus. v. Argonaut Ins. Co.*, 258 Ga. 800 (375 SE2d 221) (1989); *Allstate Ins. Co. v. Shuman*, 163 Ga. App. 313 (293 SE2d 868) (1982) (physical precedent only). The use of subsection (b) has long been controversial in Georgia. *Calvary Independent Baptist Church v. City of Rome*, 208 Ga. 312 (66 SE2d 726) (1951), on which *Mabry* relied, was a four-to-three decision in which one justice dissented and two concurred only in the judgment. In *Calvary Baptist*, the church pleaded that it was the owner of certain real estate and prayed that the city be enjoined from interfering with its title and enjoyment of the property. Allegations of insecurity and uncertainty were absent. The majority noted that the Declaratory Judgment Act of 1945 in Georgia was broader in scope that the Uniform Declaratory Judgment Act, and it expressly disapproved five earlier decisions which had required an "actual controversy" between the parties. Id. at 314. But see *Chambers of Ga. v. Dept. of Natural Resources*, supra at 634 ("Declaratory judgment will not be entertained where . . . the plaintiff faces no risk of taking future undirected action."). *Chambers of Ga.* is the better view, but it may have been overruled by implication by *Mabry*.

*Mabry* by implication casts doubt on numerous landmarks, e.g., *State Farm &c. Ins. Co. v. Allstate Ins. Co.*, 132 Ga. App. 332, 334 (208 SE2d 170) (1974) (declaratory judgment is "a signal for the future, not a seal of approval . . . for the past"); *Pennsylvania Threshermen &c. Ins. Co. v. Gardner*, 107 Ga. App. 472 (130 SE2d 507) (1963).

[26] See *Rolleston II*, supra.

[27] Supra at 614 (6), (7). The applicable administrative remedy was provided by OCGA §§ 3-2-11 (2) and 50-13-12.

[28] Supra at 613 (5). This holding has added importance because of the unusual procedural posture of the case. *James Beam* was decided on remand from the United States

tory relief in ad valorem tax cases derives, in part, from dicta appearing in a later decision, *Glynn County Bd. of Tax Assessors v. Haller.*[29] Presiding Justice Fletcher, now Chief Justice, pointed out that the United States Supreme Court has held that state courts should not award "either declaratory or injunctive relief against state taxes under [42 USC] section 1983 when there is an adequate legal remedy."[30] But the case at bar is not an action brought under § 1983, and the *Haller* decision went on to rule that *injunctive* relief had been improper. Declaratory relief had not been sought in *Haller.* In conclusion, no Supreme Court of Georgia decision expressly forbids declaratory actions in tax cases, while *James Beam* approves them without equivocation. I would affirm the judgment below.

DECIDED JUNE 19, 2003 — 

*Diane M. McLeod*, for appellant.
*Bouhan, Williams & Levy, David M. Conner, Walter C. Hartridge, Edgar P. Williams*, for appellees.

---

Supreme Court, and it asserted that Georgia satisfies federal due process by providing an adequate "predeprivation process" and thus need not consider a "post-deprivation, meaningful, back-looking remedy," i.e., a refund to the taxpayer. But cf. *Reich v. Collins*, 263 Ga. 602, 608 (437 SE2d 320) (1993) (Carley, J., dissenting) (Declaratory Judgment Act is not a clear and certain predeprivation remedy such that a failure to invoke it evidences voluntary payment of unconstitutional tax).

[29] Supra. Abstention from *injunctive* relief, as distinguished from declaratory relief, derives largely from *City of Atlanta v. North by Northwest Civic Assn.*, supra at 535 (3). See *Rolleston II*, supra at 408, n. 1; *Dillard v. Denson*, supra at 460-461 (citing *Rolleston I*, supra).

[30] 273 Ga. at 650, citing *Nat. Private Truck Council v. Oklahoma Tax Comm.*, 515 U. S. 582, 592 (115 SC 2351, 132 LE2d 509) (1995).